Kathryn DAMRON, Appellant,

v.

Irwin ORNISH, D.D.S., Appellee.

No. 05–91–01127–CV.

Court of Appeals of Texas,
Dallas.

Aug. 20, 1993.

Rehearing Denied Oct. 8, 1993.

Alfred W. Ellis, Dallas, for appellant.

Teresa Bohne, Michael W. Huddleston, R. Brent Cooper, Dallas, for appellee.

Before BAKER, CHAPMAN and WIGGINS[1], JJ.

## OPINION ON REHEARING

CHAPMAN, Justice.

We grant appellee's motion for rehearing. We withdraw the opinion and judgment of September 9, 1992. This is now the opinion of this Court.

This is an appeal from a summary judgment granted in favor of appellee Irwin Ornish, D.D.S., based on the expiration of the two-year statute of limitations in a medical malpractice case. In her sole point of error, appellant Kathryn Damron contends that the trial court erred in granting summary judgment based on her alleged failure to timely file her cause of action pursuant to the applicable statute of limitations. Damron contends that Dr. Ornish provided negligent orthodontic care and failed to diagnose periodontal disease. We overrule Damron's point of error. We affirm the trial court's judgment.

## FACTS

Dr. Ornish, an orthodontist, first examined Damron on April 5, 1977, to correct both her overbite and the overall appearance of her teeth. On August 23, 1977, Damron was treated with braces, which she wore until February 18, 1986. After removing the braces, Dr. Ornish inserted a retainer. He instructed Damron to return to his office every four to six weeks for retainer adjustments. Damron returned on March 25, 1986, and June 17, 1986. After these visits, she did not return until fourteen months later, on August 11, 1987, and September 29, 1987. Damron notified Dr. Ornish of her claim on or about June 22, 1989. She filed suit on August 24, 1989, alleging negligent performance of orthodontic care and failure to diagnose and treat her periodontal disease.

The trial court granted Dr. Ornish's motion for summary judgment based solely on the statute of limitations. This appeal follows.

## STANDARD OF REVIEW

The Texas Supreme Court has established the following standard for reviewing a motion for summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984); *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 592–93 (Tex.1975).

To establish a right to summary judgment, a defendant must either disprove an essential element of the plaintiff's cause of action as a matter of law or establish all elements of his defense as a matter of law. *See Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In a summary judgment case, the question on appeal is not whether the summary judgment proof raises a fact issue with reference to the essential elements of a cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the cause of action. *Gibbs*, 450 S.W.2d at 828.

## STATUTE OF LIMITATIONS

The Texas Revised Civil Statutes establish a two-year statute of limitations period for medical malpractice cases. TEX.REV. CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1993). There are three possible dates

---

1. The Honorable Kevin B. Wiggins, Justice, participated in this cause at the time it was submitted for decision. Due to Justice Wiggins's leaving office on December 14, 1992, he did not participate in the issuance of this opinion on rehearing.

on which the period commences: (1) the occurrence of the breach or tort; (2) the date the health-care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed. *Id.; Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987). Additionally, giving notice to the defendant of an upcoming claim tolls the statute of limitations up to and including seventy-five days following the giving of notice. TEX.REV.CIV.STAT.ANN. art. 4590*i*, § 4.01(c) (Vernon Supp.1993).

■ Where a defendant seeks a summary judgment because he believes that the plaintiff's cause of action is barred by the statute of limitations, it is his burden to conclusively establish the applicability of the statute of limitations. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). The defendant must conclusively show a date on which the statute of limitations commenced. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). Unless the summary judgment record conclusively shows the date on which the statute of limitations period commenced, the defendant has not met the burden of establishing the applicability of the statute. *Delgado,* 656 S.W.2d at 429.

## DAMRON'S CLAIMS

In her sole point of error, Damron contends that the trial court incorrectly granted summary judgment for Dr. Ornish. She alleges that Dr. Ornish did not sustain his burden of proof about the issue of when the complained-of treatment ended. Damron contends that Dr. Ornish provided negligent orthodontic care and failed to diagnose periodontal disease.

### Negligent Orthodontic Care

Damron's first claim concerns negligent orthodontic care. The summary judgment evidence shows that Dr. Ornish provided orthodontic treatment to Damron. The parties disagree on the relevant time period. Damron claims that the statute of limitations began to run on September 29, 1987, her last visit to Dr. Ornish. Dr. Ornish contends that the statute began to run on June 17, 1986.

When the plaintiff has difficulty ascertaining the exact date of injury, a provision in section 10.01 allows the limitations period to run from the date the treatment that is the subject of the claim is completed. TEX.REV. CIV.STAT.ANN. art. 4590*i*, § 10.01 (Vernon Supp.1993); *Kimball,* 741 S.W.2d at 372. The controlling issue here is whether Damron's visits to Ornish, when interrupted by a fourteen-month lapse, constituted a continuous course of treatment.

■ The question of whether a patient is receiving a course of treatment, and when that treatment ends, depends on the facts of each case. *Rowntree v. Hunsucker,* 833 S.W.2d 103, 106 (Tex.1992). The factors we consider include whether the patient-physician relationship is established with respect to the condition that is the subject of litigation, whether the physician continues to examine the patient, and whether the condition requires further services from the physician. *Rowntree,* 833 S.W.2d at 106.

Based on the summary judgment evidence, Damron and Dr. Ornish established a patient-physician relationship during the period when she wore braces and other orthodontic appliances. Dr. Ornish removed the braces in February 1986 and prepared a retainer. Damron returned to Dr. Ornish's office twice within a five-month period. Thereafter, she did not return for fourteen months.

■ Dr. Ornish claims that Damron voluntarily terminated her orthodontic treatments. Dr. Ornish relies on *Rowntree* to support his claim that fourteen months constitute a break in continuous treatment as a matter of law. In *Rowntree,* Hunsucker visited Dr. Rowntree for hypertension. Dr. Rowntree examined her on October 4, 1985, and on September 15, 1986. Hunsucker continued to take medicine prescribed by Dr. Rowntree. In January 1988, Hunsucker suffered a stroke due to an occluded artery. Hunsucker filed suit on October 30, 1989, claiming that Dr. Rowntree failed to diagnose, monitor, and otherwise properly treat the occluded artery. Hunsucker alleged that taking prescription medicine constituted a course of treatment. Hunsucker's last prescription was filled in December 1987, within the two-year statute of limitations. Dr. Rowntree

contended that the statute should begin to run on the date of last contact between the patient and physician and that a course of continuing treatment cannot be based on the patient's taking prescribed medication.

The Texas Supreme Court in *Rowntree* said that "the court of appeals' holding that limitations is extended by a patient's taking of medication is an unworkable rule. It replaces the fixed period set by the Legislature with a period that is determined by the patient." *Rowntree*, 833 S.W.2d at 107. In *Rowntree*, the supreme court noted that Hunsucker did not attend regular examinations, nor were any return appointments scheduled. Hunsucker performed "self-treatment" by continuing to take prescription medicine. Prescription renewal was insufficient to toll the patient-physician relationship. Therefore, the statute of limitations began to run on the date of Hunsucker's last visit to Dr. Rowntree. The supreme court held that Hunsucker's claims were barred as a matter of law. *Rowntree*, 833 S.W.2d at 108.

Here, Damron did not receive any treatment from Dr. Ornish for fourteen months. Dr. Ornish prepared a retainer for Damron and advised her to return to his office for check-ups every four to six weeks. Damron did not return until August 1987.

Damron claims that "a fact issue as to when treatment ended was created by virtue of the testimony of [Damron's] expert witness, Harry S. Wilbur, D.D.S., who testified that orthodontic treatment does not stop with the removal of braces and bands, but continues through the retentive phase while the patient is wearing a retainer." We disagree.

We believe that Damron's using a retainer is analogous to Hunsucker's taking prescription medicine in *Rowntree*. Damron's wearing a retainer, without any visits to Dr. Ornish during the fourteen-month period, is insufficient to show a continuing course of treatment. We hold that the statute of limitations bars Damron's claim of negligent orthodontic care.

**Failure to Diagnose Periodontal Disease**

■ Damron also contends that Dr. Ornish failed to diagnose periodontal disease during her visits to Dr. Ornish's office in August and September of 1987. When the precise date of a specific breach or tort is ascertainable from the facts of a case, the applicable date that governs a failure-to-diagnose claim is the date on which the breach or tort occurred. *See Kimball*, 741 S.W.2d at 372. Damron gave notice of her claim on June 22, 1989. For her claim to fall within the applicable two-year statute of limitations, Damron must have had the periodontal disease, which Dr. Ornish then failed to diagnose, at some time after her June 17, 1986 visit. If Damron had the periodontal disease in June 1986 and did not notify Dr. Ornish of her cause of action until three years later, in June 1989, her claim would be barred as a matter of law.

■ First, we determine whether Dr. Ornish had a duty to diagnose periodontal disease. Dr. Wilbur testified that he believed an orthodontist should use a periodontal probe on an adult patient wearing braces at every appointment. He stated that, although an orthodontist would refer a patient to a general dentist for further work, he is still responsible for probing and taking x-rays to determine if a patient has periodontal disease. He also testified that both periodontic and orthodontic treatments concern types of looseness of the teeth.

Damron's other expert witness, Clifford Ochsenbein, D.D.S., first diagnosed Damron's periodontal disease in October 1987. He stated in his deposition that orthodontics and periodontics differ and require different training. Dr. Ochsenbein testified that while an orthodontist may not be able to *treat* periodontal disease, he should be able to *diagnose* it by using a probe. We believe that Dr. Ornish had a duty to diagnose Damron's periodontal disease.

■ Next, we determine if there is any summary judgment evidence to conclusively show a date on which the statute of limitations commenced. *See Delgado*, 656 S.W.2d at 429. The summary judgment evidence shows that Dr. Wilbur testified that, based on x-rays, there was a "great possibility that she had bone loss" when Damron left Dr. Ornish's office in June 1986. He then stated

that "it's very probable that she had periodontal disease at that time [June 1986] based on the extent of the bone loss that she has in September of 1987. It's not slight, it's severe. It's hopeless in some teeth." Dr. Ornish met his burden of establishing that the statute of limitations began to run in June 1986. We hold that the statute of limitations bars Damron's failure to diagnose claim as a matter of law. We overrule Damron's point of error.

We affirm the trial court's judgment.