The **CHARTER OAK FIRE INSURANCE COMPANY, Appellant,**

v.

**Ralph Edward ADAMS, Appellee.**

No. 17971.

Court of Civil Appeals of Texas, Dallas.

Nov. 22, 1972.

Rehearing Denied Dec. 21, 1972.

C. L. Mike Schmidt, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellant.

Thomas A. Blakeley, Jr., Grady, Johnson, Smith & Blakeley, Dallas, for appellee.

GUITTARD, Justice.

The Charter Oak Fire Insurance Company seeks reversal of a judgment in favor of Ralph Edward Adams for workmen's compensation benefits for temporary total and permanent partial incapacity on the ground that the court erred in admitting in evidence a statement of the insurance carrier's position before the Industrial Accident Board. The carrier also argues that without this statement the evidence is insufficient to support the judgment. Claimant asserts that the appeal was taken without sufficient cause and asks us to assess damages for delay under Texas Rules of Civil Procedure 438. We affirm with damages.

The parties stipulated that claimant was injured on his job on January 7, 1970. The insurance carrier provided surgery for a spinal fusion on September 4, 1970. This surgery was not completely successful, and further surgery was tendered by the carrier and refused by claimant after the case reached the district court.

At the trial the carrier did not deny the injury, but did deny that claimant had any continuing total or permanent partial incapacity. Claimant testified about his pain, difficulty in lifting, limitation of activities, and inability to hold a job. The only regular work he had done since his injury was carrying people to work in his car, which brought an income of $30 per week, less expenses. At the time of the trial in January, 1972, he felt that his condition was getting worse. No medical testimony was offered.

The statement in question is the following paragraph from a letter filed by the carrier's hearing representative with the Industrial Accident Board:

"The Carrier contends that Claimant's condition is no longer total and that it is in the category of permanent partial disability. The Carrier feels a reasonable degree of loss of wage earning capacity in this case would be $25 per week."

This statement was admitted over the carrier's objection that the letter was hearsay, not a matter of impeachment, and not a proper matter to be brought before a trial *de novo* proceeding.

No issues were submitted concerning injury or course of employment. The jury found that the injury of January 7, 1970, was a producing cause of total incapacity ending February 7, 1971, and of permanent partial incapacity thereafter. His average weekly earning capacity during such partial incapacity was found to be $66. His average weekly wage before the injury was stipulated to be $140. Judgment was rendered on the verdict for $12,315.45 in a lump sum.

The statement in question was inconsistent with appellant's position at the trial, as appellant now concedes. Consequently, the trial court's ruling was clearly correct under the general rule that any statement by a party inconsistent with his position at the trial is admissible against him as an admission. 2 McCormick &

Ray, Texas Law of Evidence § 1141 (2d Ed.1956). This rule has been applied to workmen's compensation proceedings in cases specifically holding that statements of parties before the Industrial Accident Board are admissible against them on trial *de novo*. Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651 (1953); Transamerica Ins. Co. v. Beseda, 443 S. W.2d 915 (Tex.Civ.App., Corpus Christi 1969, writ ref'd n. r. e.); Texas Employers Ins. Ass'n v. Weber, 386 S.W.2d 835 (Tex.Civ.App., Austin 1965, writ ref'd n. r. e.); Liberty Universal Ins. Co. v. Burrell, 386 S.W.2d 323 (Tex.Civ.App., Fort Worth 1965, writ ref'd n. r. e.). All of these cases but *Scott* involved a statement by the insurance carrier. In *Scott*, claimant's notice of injury and claim for compensation filed with the board were held not privileged and properly admitted as admissions, not merely for impeachment. In none of these cases was any distinction made between a statement by the claimant and one by the carrier.

Appellant argues under his first point that proceedings before the board are in the nature of compromise negotiations and that statements made in the course of such proceedings should not be admitted in court because to do so would discourage parties from taking a conciliatory position before the board and thus hinder the board in making final disposition of the claim. This argument is not supported by any of the authorities cited by appellant. The above decisions are directly in point and contrary to appellant's contention. Moreover it is well settled that an independent admission of liability is admissible in evidence, even though coupled with an offer of compromise. Farmers' State Bank & Trust Co. v. Gorman Home Refinery, 3 S.W.2d 65 (Tex.Com.App.1928); 2 McCormick & Ray, Texas Law of Evidence § 1142 (2d Ed.1956). Consequently, appellant's first point is overruled.

■ In its second point appellant argues that the evidence was insufficient to support the jury's findings that claimant's partial incapacity was permanent and that his average weekly wage earning capacity during partial incapacity was $66. Appellant does not argue this point except to say that the only evidence which could have persuaded the jury to find a period of total disability and then permanent partial disability is the letter previously discussed. Since we hold that letter admissible, this point is also overruled.

By cross-point appellee urges us to assess ten per cent of the recovery as damages under Tex.R.Civ.P. 438, which provides for such a penalty "[w]here the court shall find that an appeal or writ of error has been taken for delay and that there is no sufficient cause for taking such appeal." As grounds for such damages appellee states that he was making $140 a week before the injury in question, that he received $49 per week as compensation benefits until February, 1971, that the case was reached for trial January 24, 1972, that the case was set for submission in this court on November 9, 1972, that the physician employed by appellant admitted that the surgery was unsuccessful, and that although appellee has never been able to return to work, he has been without workmen's compensation benefits for a period of more than twenty months. None of these statements are challenged by appellant and we accept them as correct under Tex.R.Civ.P. 419, since appellee is in the position of an appellant with respect to cross-points. Appellee argues that these circumstances show that the appeal was not taken to protect appellant's rights to a fair hearing, but to force appellee to settle the case in order to avoid the delay of an appeal.

■ In view of the authorities above cited and the lack of any to the contrary, we have no difficulty in finding that appellant has "no sufficient cause for taking an appeal." It is more difficult to say that the appeal "has been taken for delay," since in making such a finding we must

look at the case from the point of view of the advocate and determine whether he had reasonable grounds to believe that the case would be reversed. Trinity Universal Insurance Co. v. Farley, 408 S.W.2d 776 (Tex.Civ.App., Tyler 1966, no writ); Pan American Fire & Casualty Co. v. Patton, 345 S.W.2d 854 (Tex.Civ.App., Amarillo 1961, no writ). However, in some cases the courts have found the law to be so well settled as to raise an inference that the appeal was taken for delay. Roye v. Silver Dollar Financing, Inc., 432 S.W.2d 123 (Tex.Civ.App., Fort Worth 1968, no writ); Brady Mutual Life Ins. Ass'n v. Shank, 67 S.W.2d 413 (Tex.Civ.App., Austin 1934, no writ); Texas & P. Ry. Co. v. Erwin, 180 S.W. 662 (Tex.Civ.App., Texarkana 1915, no writ). We conclude that this is such a case, and assess damages accordingly.

Although our assessment of damages rests on rule 438, it is also supported by rule 435, which provides: "The appellate court may, in its discretion, include in the judgment or decree such damages, not exceeding ten per cent on the amount of the original judgment, as it may deem proper." This rule does not require a finding that the appeal was taken for delay. Some courts have indicated that imposition of damages under rule 435 is discretionary, whereas under rule 438 it is mandatory when the court finds that the appeal was taken for delay and without sufficient cause. Grimes v. Robitaille, 288 S.W.2d 211 (Tex.Civ.App., Galveston 1956, writ ref'd n. r. e.); Stanford v. Chambliss, 135 S.W.2d 748 (Tex.Civ.App., Waco 1940, no writ). We have seen no authorities bearing on the scope of the court's discretion under rule 435, but we conclude that when the only questions raised on an unsuccessful appeal are well settled and the appellee's circumstances are such that statutory interest on the judgment is not adequate compensation for the delay, we have discretion under rule 435 to assess such damages even in the absence of a finding under rule 438 that the appeal was taken for delay. In this case, if rule 438 does not require us to assess damages for delay, we now exercise our discretion to do so under rule 435.

Affirmed, with damages for delay in the amount of $1,231.54.