**T. T. McGRATH, Appellant,**

v.

**Novella Mae BROWN, Appellee.**

**No. 18549.**

Court of Appeals of Texas, Fort Worth.

Oct. 7, 1981.

Rehearing Denied Nov. 4, 1981.

Bailey, Williams, Westfall, Lee & Fowler, and James A. Williams, Dallas, for appellant.

Sam M. Yates, Houston, Charles L. Caperton, Dallas, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

HUGHES, Justice.

T. T. McGrath, M.D., has appealed the judgment rendered against him in favor of Novella Mae Brown in a jury trial in which Mrs. Brown alleged malpractice resulting in injury to her spine.

We reverse and remand.

Mrs. Brown's back was injured when she fell on icy steps at work. Her family doctor sent her to Dr. McGrath, an orthopedic surgeon, who, after conservative treatment had failed, operated on her back and performed a laminectomy. In this operation Dr. McGrath excised the center out of the spinous process to make a bone plug which was inserted in the space (between L4 and L5) where a disc was removed. Dr. McGrath testified that a bone fusion was not done as it was not needed. Also, Dr. McGrath testified that he had to remove part of a facet on the right of L4 to properly decompress the nerve and remove the disc material.

"To fuse or not to fuse:" that is the question—at least it was in this suit. The jury found that Dr. McGrath was negligent in not fusing Mrs. Brown's spine. The finding was obviously based on Dr. Lang's testimony that a fusion should have been done when the inferior anticular facet was removed by Dr. McGrath.

Dr. Lang's testimony was elicited with the preliminary question:

"Do you have an opinion, based on reasonable medical probability as to whether or not it would be bad surgical practice to remove the entire inferior articular facet while doing a routine hemilaminectomy and disc removal and fail to do a spinal fusion in this area?"

Trial court sustained Dr. McGrath's objection to this question. However, when it was pointed out to the court by counsel for Mrs. Brown that Dr. Lang had been "qualified as an expert" and that "he understands the customary practice in this area as an orthopedic surgeon," Dr. Lang was then permitted to answer the next question:

"In your opinion what should have been done?" His answer was: "It would be *my* opinion that that area should be fused at that time." (Emphasis ours).

Was the jury here advised in the evidence before them of "the medical standards of practice and treatment in (this) particular case?" *Snow v. Bond*, 438 S.W.2d 549 (Tex. 1969). From the record before us we are unable to hold that they were so advised.

Since a medical standard of care was not established in this case, we sustain points of error first through fourth. Having done so, we find it unnecessary to pass upon the other points of error.

Reversed and remanded.