**Edwin T. BECKHAM, Appellant,**

v.

**CITY WIDE AIR CONDITIONING COMPANY, INC., Appellee.**

**No. 05–84–00779–CV.**

Court of Appeals of Texas, Dallas.

June 24, 1985.

Rehearing Denied July 24, 1985.

James L. McNees, Jr., McNees & McNees, Dallas, for appellant.

Jeff Joyce, Winstead, McGuire, Sechrest & Minick, Dallas, for appellee.

Before AKIN, WHITHAM and McCLUNG, JJ.

WHITHAM, Justice.

In a prior appeal, we rendered judgment in favor of appellee, City Wide Air Conditioning Company, Inc., and against appellant, Edwin T. Beckham, for debt in the amount of $6,046. In that prior appeal, we remanded for the purpose of ascertaining the amount of reasonable attorney's fees to be recovered by City Wide against Beckham. On remand, the trial court awarded City Wide attorney's fees and expenses in the amount of $7,206.50. Finding no error, we affirm the trial court's judgment. We

conclude, however, that this appeal has been taken for delay and that there was no sufficient cause for taking this appeal. Consequently, we assess damages against Beckham pursuant to TEX.R.CIV.P. 438 and render judgment in favor of City Wide for the amount of those damages.

■ In the present case, Beckham seeks to again litigate the merits of City Wide's claim for debt. Those issues have been decided against Beckham by final judgment of this court and we decline to relitigate City Wide's claim for debt. The holdings announced in a former appeal constitute the law of the case. Matters that were either presented to or directly passed upon or which were in effect disposed of on a former appeal to a court of appeals will not again be passed upon by that court. *Allied Finance Co. v. Shaw*, 373 S.W.2d 100, 106 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.). Therefore, we treat the present case as involving only Beckham's challenge to the award of attorney's fees and expenses and City Wide's request that we award damages against Beckham for delay as provided by TEX.R.CIV.P. 438.

■ As to the amount of attorney's fees and expenses, we read Beckham's brief as contending that there is no evidence, or in the alternative, insufficient evidence, to support the trial court's finding that City Wide was entitled to recover attorney's fees and expenses in the amount of $7,206.50. A "legally insufficient" point is a "no evidence" point presenting a question of law. In deciding that question, the appellate court must consider only the evidence and their inferences tending to support the finding and disregard all evidence and inferences to the contrary. If a "no evidence" point is sustained and the proper procedural steps have been taken, the finding under attack may be disregarded entirely and judgment rendered for the appellant unless the interests of justice require another trial. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In reviewing "factually insufficient evidence", points we consider all the evidence, including any evidence

contrary to the judgment. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980).

■ At trial, City Wide's attorney testified that the sum of $7,206.50 would be reasonable and necessary attorney's fees and expenses. Moreover, at oral argument Beckham conceded that there is sufficient evidence to support the trial court's finding that City Wide was entitled to recover attorney's fees and expenses in the amount of $7,206.50. At trial, Beckham offered no evidence and failed to cross-examine City Wide's sole witness. Considering all the evidence, we conclude that the evidence was sufficient to prove that the sum of $7,206.50 would be reasonable and necessary attorney's fees and expenses. Consequently, we overrule all of Beckham's points of error and contentions complaining of the trial court's award of attorney's fees and expenses in the amount of $7,206.50.

Next, we consider City Wide's request that we award it damages under rule 438. City Wide argues that Beckham's delay in perfecting his appeal and manner of presenting his appeal require that we render judgment for damages pursuant to rule 438 which provides:

> Where the court shall find that an appeal or writ of error has been taken for delay and that there was no sufficient cause for taking such appeal, then the appellant, if he be the defendant in the court below, shall pay ten per cent on the amount in dispute as damages, together with the judgment and interest and costs of suit thereon accruing.

The record in the trial court and in this court tell us this about Beckham's appeal in the present case:

April 4—trial court rendered judgment;

May 4—motion for new trial filed (on last possible day);

July 3—cost bond due;

July 13—statement of facts due;

July 18—motion to extend time to file cost bond until July 18 filed (on last possible day); motion granted;

July 18—cost bond filed;

July 27—motion to extend time for filing statement of facts until August 6 filed (on next to last possible day); motion granted until August 28;

August 28—transcript and statement of facts filed (nine page statement of facts containing six pages of testimony);

September 27—Beckham's brief due;

September 28—motion to extend time to file Beckham's brief until October 13 filed; motion granted until October 13;

October 15—Beckham's five page brief filed (October 13 was a Saturday);

October 24—Court directs Beckham to rebrief by November 5 because, *inter alia*, his brief does not contain any references to the record or citation of authority;

October 29—City Wide's brief filed; and

November 5—Beckham's thirteen page first amended brief filed.

█ The trial court's judgment recites that "the parties appeared through counsel and announced ready for trial." The statement of facts, however, suggests that Beckham's counsel did not appear. Also, the statement of facts reflects that City Wide's attorney advised Beckham's counsel of the trial setting by certified mail. Nevertheless, the statement of facts contains no evidence offered by Beckham and no cross-examination by Beckham of City Wide's sole witness. Thus, the record establishes that at trial Beckham did not contest City Wide's claim for attorney's fees and expenses in the sum of $7,206.50. Under rule 438, we must determine if there was sufficient cause for taking this appeal. In view of Beckham's non-action in the trial court and his concession as to the sufficiency of the evidence at oral argument, we find that there was no sufficient cause for taking the appeal. Under rule 438, we must determine if this appeal has been taken for delay. In making a finding that this appeal "has been taken for delay," we must look at the case from the point of view of the advocate and determine whether he has reasonable grounds to believe that the case would be reversed. *Charter*

*Oak Fire Insurance Co. v. Adams*, 488 S.W.2d 548, 550–51 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). In considering such a finding, we again look to Beckham's non-action in the trial court and his concession as to the sufficiency of the evidence at oral argument. We look also to what the record in the trial court and in this court tell us about Beckham's appeal in the present case. We conclude that the record reflects dilatory tactics on the part of Beckham's attorney. Considering all these circumstances, we conclude that Beckham's counsel, as advocate, had no reasonable grounds to believe that the case would be reversed. 488 S.W.2d at 550–51. Consequently, we find that this appeal has been taken for delay. Therefore, we conclude that we must assess damages under rule 438 of ten percent of the amount in dispute. Accordingly, we assess damages against Beckham in the amount of $720.65.

█ Although our assessment of damages rests on rule 438, it is also supported by TEX.R.CIV.P. 435 providing "[t]he appellate court may, in its discretion, include in the judgment or decree such damages, not exceeding ten percent on the amount of the original judgment, as it may deem proper." Rule 435 does not require a finding that the appeal was taken for delay. 488 S.W.2d at 551. Thus, we conclude that in the present case we have discretion under rule 435 to assess damages even in the absence of a finding under rule 438 that the appeal was taken for delay. *See*, 488 S.W.2d at 551. Although City Wide does not ask that we exercise our discretion under rule 435, we conclude that we may do so on our own motion. *See*, 488 S.W.2d at 551. Considering Beckham's non-action in the trial court, his concession as to the sufficiency of the evidence at oral argument and the record in the trial court and in this court, we conclude we must exercise our discretion to assess damages under rule 435. Therefore, if rule 438 does not require us to assess damages for delay, we now exercise our discretion to do so under rule 435. *See*, 488 S.W.2d at 551.

We affirm the judgment of the trial court. We render judgment in favor of City Wide and against Beckham in the sum of $720.65 together with interest thereon at the rate of ten percent (10%) per annum from the date of this opinion.[1]

---

1. Computation of judgment rate by the consumer credit commissioner for month of June, 1985, 10 Tex.Reg. 1875 (1985), pursuant to TEX.REV. CIV.STAT. art. 5069–1.05, § 2 (Vernon Supp. 1985). The contents of the Texas Register are to be judicially noticed and constitute prima facie evidence of the text of the documents published in the Register and of the fact that they are in effect on and after the date of the notation. TEX.REV.CIV.STAT.ANN. art. 6252–13a, § 4(c) (Vernon Supp.1985).