**ALLEN–BURCH, INC. d/b/a
The Fare, Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE
COMMISSION, Appellee.**

No. 05–02–00660–CV.

Court of Appeals of Texas,
Dallas.

May 7, 2003.

Charles Joseph Quaid, Quaid & Quaid, L.L.C., Dallas, for Appellant.

Joseph A. Pitner, Asst. Atty. Gen., Austin, for Appellee.

Before Justices O'NEILL, FARRIS,[1] and ROSENBERG.[2]

**OPINION**

Opinion by Justice BARBARA ROSENBERG (Assigned).

Allen–Burch, Inc. d/b/a The Fare (The Fare) appeals the final judgment of the district court that affirmed the order of the Texas Alcoholic Beverage Commission (TABC) cancelling The Fare's mixed beverage and late hours permits. Rejecting The Fare's arguments that the judgment was arbitrary, capricious, discriminatory, and unconstitutional, we affirm.

---

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves the trial court's second review of a decision by the TABC to cancel The Fare's permits. The TABC's original order adopted the administrative law judge's proposal for decision, which stated the legal standards for lewd conduct, soliciting drinks, and failure to report a breach of peace under the Texas Alcoholic Beverage Code, and made findings of fact and conclusions of law concerning violations of the standards. The decision enumerated nine instances of lewd dancing, one instance of solicitation of drinks, and three instances of failure to report a breach of the peace. The TABC's order reflects that The Fare did not establish its defense of discriminatory or selective enforcement and that The Fare had the requisite knowledge to be responsible for the behavior on its premises.

The first appeal of the TABC's order was in cause no. 01–08054 and resulted in the trial court's Final Order on Administrative Appeal. In that order, the trial court vacated the TABC's order cancelling The Fare's permits and remanded the case to the TABC for reconsideration of the penalties based on the findings of fact and conclusions of law that the trial court sustained. The trial court found that the ground of solicitation of drinks and one of the allegations of failing to report a breach of the peace were not supported by substantial evidence. The trial court stated that the order resolved all matters pending under the administrative appeal, denied all contrary requests for relief, and dismissed The Fare's declaratory judgment request without prejudice as not being ripe. Neither party appealed that order to the court of appeals.

On remand without further evidentiary hearings, the Administrative Law Judge at the State Office of Administrative Hearings recommended that, based on the findings and conclusions affirmed by the district court, The Fare's permits be cancelled. The TABC adopted the original proposed decision, without the findings rejected by the trial court, and canceled the permits. In a new suit, no. 02–00433, The Fare appealed the decision to the district court, again challenging the findings of fact against The Fare on the breach of the peace, lewdness, and drink solicitation. The Fare also alleged that the penalty assessed was arbitrary and capricious. The Fare claimed it was denied due process and was the subject of selective enforcement. The Fare included a claim for declaratory relief to establish that the statutes proscribing breaches of the peace were vague and that revocation of The Fare's permits for a few lewd acts that are not controlled by management is an unconstitutional prior restraint and violated Article I, Section 19 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution. The TABC responded with a plea of res judicata and general and special denials to the declaratory judgment. The trial court affirmed the order of the Administrative Law Judge and the TABC and denied the request for declaratory relief on The Fare's constitutional claims. The Fare appealed.

### The Remand Procedure

In its first two issues, The Fare complains that it was entitled to an evidentiary hearing on remand and the failure to follow the hearing rules of the agency denied The Fare its due process rights and left the agency without jurisdiction to hear the remand.

A decision whether to reopen the evidence on judicial remand is within agency discretion and is reserved for a variety of extraordinary circumstances. *Lake*

*Medina Conservation Soc'y, Inc./Bexar–Medina-Atascosa Counties WCID No. 1 v. Tex. Natural Res. Conservation Comm'n,* 980 S.W.2d 511, 518–19 (Tex.App.-Austin 1998, pet. denied). On remand, an agency need consider only those parts of its decision that were rejected by the reviewing court. *Id.* at 519. Further, a district court may control the scope of its remand to an agency. *First Sav. & Loan Ass'n v. Lewis,* 512 S.W.2d 62, 64 (Tex.Civ.App.-Austin 1974, writ ref'd n.r.e.); *see* TEX. GOV'T CODE ANN. § 2001.174(2) (Vernon 2000) (providing for remand in administrative proceedings).

Here, the trial court remanded for reconsideration of the penalty because two of the grounds for revocation of the license were not supported by substantial evidence. Such a determination does not require further evidence. The agency did not abuse its discretion in denying an evidentiary hearing under the circumstances of this case. Accordingly, we resolve The Fare's first and second issues against it.

## Issue Preclusion

█ In issues three through nine, The Fare contends that the provisions of the Texas Alcoholic Beverage Code that it was alleged to have violated are unconstitutional, the violations were not proved with substantial evidence, and the violation charges were the result of selective enforcement. The TABC responds that The Fare's issues related to breach of the peace, drink solicitation, lewdness, scienter/mitigation, and selective enforcement were disposed of by the Final Order on Administrative Appeal in cause no. 01–8054. In its findings of fact and conclusions of law, the trial court stated that it "impliedly overruled the constitutional challenges in its previous remand."

█ There are several issue preclusion concepts that give effect to a final

judgment or a ruling on a question of law raised in the same case in subsequent proceedings. The TABC suggests res judicata and collateral estoppel should apply. Res judicata precludes relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and could have been litigated in the prior action. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992). Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex.1996). Collateral estoppel, or issue preclusion, prevents relitigation of particular issues already resolved in a prior suit. *Barr,* 837 S.W.2d at 628. For collateral estoppel to apply, (1) the challenged finding must be essential to the judgment in the prior suit and (2) the parties must be in privity. *Cluett v. Med. Protective Co.,* 829 S.W.2d 822, 826 (Tex. App.-Dallas 1992, writ denied). Those doctrines require a final judgment in a case and subsequent litigation.

█ Here, the appeal to the district court of the TABC order following remand was the same litigation. The trial court's findings indicate that the court followed the doctrine of "the law of the case" in disposing of these claims. "The law of the case" is a doctrine mandating that the ruling of an appellate court on a question of law raised on appeal will be regarded as the law of the case in all subsequent proceedings of the same case unless clearly erroneous. *Briscoe v. Goodmark Corp.,* 46 Tex. Sup.Ct. J. 534, 536, 102 S.W.3d 714, 716 (2003); *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986); *Aycock v. State,* 863 S.W.2d 183, 187 (Tex.App.-

Houston [14th Dist.] 1993, writ ref'd). Matters of law that were disposed of on a former appeal will not again be decided by the court. *Aycock,* 863 S.W.2d at 187. A reviewing court does not again pass upon any matter either presented to or directly passed upon or that was, in effect, disposed of on a former appeal to that court. *J.O. Lockridge Gen. Contractors, Inc. v. Morgan,* 848 S.W.2d 248, 250 (Tex.App.-Dallas 1993, writ denied) (citing *Beckham v. City Wide Air Conditioning Co.,* 695 S.W.2d 660, 662 (Tex.App.-Dallas 1985, writ ref'd n.r.e.)). The "law of the case" doctrine is used to narrow the issues at successive stages of the litigation. *Briscoe,* 46 Tex. Sup.Ct. J. at 535, 102 S.W.3d at 716 (quoting *Hudson,* 711 S.W.2d at 630). It provides uniformity of decisions as well as judicial economy intended to put an end to litigation. *Id.* In this case, the district court acted as an appellate court to hear the appeal of this administrative proceeding. *See* Tex. Alco. Bev.Code Ann. § 11.67(a), (b) (Vernon 1995). We conclude that the court used the proper doctrine in that the cause before the trial court was a subsequent proceeding concerning a single administrative cause.

■ The original administrative decision concluded that The Fare had violated provisions of the Texas Alcoholic Beverage Code in that The Fare allowed public lewdness, failed to report breaches of peace, and allowed the solicitation of drinks. That decision found that there was no discrimination or selective enforcement in seeking penalties for the violations and rejected The Fare's arguments concerning scienter. On the first appeal, the trial court approved the conclusions of law that found The Fare had permitted conduct on its premises that was lewd, immoral, or offensive to public decency, and failed to report breaches of the peace on the Fare's premises. The trial court vacated the penalty, denied all other requests for relief, and overruled all arguments concerning the administrative decision. The case was remanded for the penalty determination only. Thus, the trial court necessarily deliberated on all the issues concerning the substantial evidence and requirements of the alleged violations. The Fare did not appeal to this Court the findings or conclusions of the trial court. The case returned to the trial court on the second appeal with the identical factual record and a redetermination of the penalty. The only issue the trial court had not previously reviewed was the penalty. Thus, trial court's determination of issues concerning substantial evidence, selective enforcement, and scienter had already been passed on and did not have to be decided by that court again. Because the record was the same, we have no reason to question the use of the doctrine in this case. Further, the failure to present these issues in an appeal of the first judgment acted as an affirmation of that first judgment on those issues and carries the authority of the law of the case. *See Barrows v. Ezer,* 624 S.W.2d 613, 616 (Tex. Civ.App.-Houston [14th Dist.] 1981, no writ). Accordingly, because The Fare waived those issues on appeal, we will not review the substantial evidence and requirements of the alleged violations. *See id.* We resolve issues three through nine as they relate to contesting the constitutionality of the applicable code sections, selective enforcement in asserting the violations, and substantial evidence of the violations of the Texas Alcoholic Beverage Code against The Fare.

**The Penalty**

In issues three, seven, nine, and ten, The Fare contends that the penalty of cancellation was arbitrary, capricious, discriminatory, and unconstitutional. The Fare argues that the cancellation of the

license was arbitrary and capricious because:

- the penalty was imposed without showing The Fare's intentional violation;
- the penalty is a prior restraint to prevent lawful protected expression;
- the penalty is discriminatory in that the permits of similarly situated businesses are not cancelled for so few violations;
- the TABC should have considered The Fare's efforts to prevent violations to mitigate the penalty; and
- there are no standards for imposing a penalty of cancellation.

■ An agency has broad discretion in determining which sanction best serves the statutory policies committed to the agency's oversight. *Fay–Ray Corp. v. Tex. Alcoholic Beverage Comm'n*, 959 S.W.2d 362, 369 (Tex.App.-Austin 1998, no pet.). An agency's decision in determining an appropriate penalty will not be reversed unless an abuse of discretion is shown. *Id.* An order supported by substantial evidence can still be arbitrary and capricious if the agency failed to consider a factor the legislature directed it to consider, considered an irrelevant factor, or reached an unreasonable result. *Tex. Alcoholic Beverage Comm'n v. Top of the Strip, Inc.*, 993 S.W.2d 242, 252 (Tex.App.-San Antonio 1999, pet. denied). Section 11.61(b) of the Alcoholic Beverage Code allows cancellation of a liquor permit if the permittee conducts business in a manner contrary to the general welfare, health, peace, morals, and safety of the people and the public sense of decency; the permittee maintains a lewd establishment; or the permittee fails to promptly report to the TABC a breach of the peace occurring on the licensed premises. TEX. ALCO. BEV.CODE ANN. § 11.61(b)(7), (9), (21) (Vernon Supp. 2003). Further, a permit may be cancelled

upon a showing that a permittee has allowed public lewdness on the premises three or more times. *Id.* § 104.01(6) (Vernon 1995); 16 TEX. ADMIN. CODE §§ 35.41, 37.60 (2002). There was substantial evidence supporting nine violations in permitting lewd acts and two violations of failing to report a breach of the peace.

■ The Fare claims the cancellation was not proper because the TABC did not show The Fare's intentional conduct and the punishment should have been lessened because of mitigating circumstances. The Fare claimed that the violations were committed without its knowledge and it had taken precautions to prevent violations, which was demonstrated by how few violations there were. The Alcoholic Beverage Code provides that the TABC may relax any provision of the code relating to cancellation of the permit if an agent, servant, or employee of the permittee violated the code without the knowledge of the permittee, the permittee did not knowingly violate the code, or the violation could not reasonably have been prevented. TEX. ALCO. BEV.CODE ANN. § 11.64(b)-(c) (Vernon Supp.2003). However, this provision is discretionary and does not require mitigation. *Top of the Strip, Inc.*, 993 S.W.2d at 252. Further, the violations alleged do not require a showing of actual knowledge. *Wishnow v. Tex. Alcoholic Beverage Comm'n*, 757 S.W.2d 404, 409–10 (Tex. App.-Houston [14th Dist.] 1988, writ denied). Thus, it need not be proven that The Fare knowingly violated the code to impose the cancellation penalty. *See Top of the Strip, Inc.*, 993 S.W.2d at 252; *Wishnow*, 757 S.W.2d at 410. Although The Fare claims there are no standards for imposing the cancellation penalty, the Alcoholic Beverage Code and the administrative code provide the standard for imposing cancellation. *See* TEX. ALCO. BEV. CODE ANN. § 11.61(b)(7), (9), (21); 16 TEX. ADMIN. CODE § 37.60.

The Fare next claims that others who violated the Alcohol Beverage Code did not get a cancellation penalty and thus the penalty was discriminatory. To establish a claim of discriminatory enforcement, a defendant must first show that it has been singled out for prosecution while others similarly situated and committing the same acts have not. *State v. Malone Serv. Co.*, 829 S.W.2d 763, 766 (Tex.1992). It is not sufficient, however, to show that the law has been enforced against some and not others. *Id.* The defendant must also show that the government has purposefully discriminated on the basis of such impermissible considerations as race, religion, or the desire to prevent the exercise of constitutional rights. *Id.*

The Fare's permits were canceled because of acts of lewd conduct and failure to report a breach of the peace. While The Fare claims that it was targeted as a topless club for liquor law violations, it did not show that other permit holders with the same violations were treated differently by the agency. In evidence that the administrative law judge excluded, The Fare attempted to show discriminatory treatment because other entities had more violations without cancellation. The Fare argued that Texas Stadium had over 200 violations for, primarily, selling liquor to minors without a penalty and that Mainstage, Inc., a club, paid a fine for four violations of permitting public lewdness and four violations of soliciting an alcoholic beverage by an employee. However, the violations by these entities are not the same as those alleged against The Fare, specifically, failure to report a breach of the peace. Further, The Fare was penalized for nine violations of permitting lewd conduct. Thus, we conclude that The Fare failed to establish that it and other entities were penalized differently for the same number and kind of violations. Accordingly, the TABC action was not discriminatory.

Finally, The Fare claims that imposing the permit cancellation is a prior restraint on a protected activity and violates the First Amendment to the United States Constitution and Article 1, Section 8 of the Texas Constitution. The Fare concedes that it has no right to a mixed drink permit but argues that depriving it of the license causes the business to be unable to feature lawful expression in violation of these constitutional provisions. Here, the prohibited conduct invoking the penalty was lewd sexual conduct and a failure to report a breach of peace. Neither of these activities has an element of protected expression. *See Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 705, 106 S.Ct. 3172, 92 L.Ed.2d 568 (1986) (unlawful public sexual conduct is not protected expression). An industry cannot claim special protection from government regulations because of its First Amendment protected activities. *Id.* While The Fare argues that the cancellation of the mixed beverage permit will close its business, thus affecting its freedom of expression, the cancellation does not close the business. The Fare can continue its entertainment business without selling liquor. *See id.* Accordingly, we conclude that the penalty imposed is not a prior restraint of The Fare's First Amendment rights.

Because we conclude that The Fare's complaints about the penalty are without merit, we further conclude that the decision of the TABC was not arbitrary or capricious. We resolve issues three, seven, nine, and ten against The Fare.

## CONCLUSION

Having resolved The Fare's issues against it, we affirm the trial court's judgment.