# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00660-CV

---

**Eleazar Fuentes, Appellant**

**v.**

**Texas Appraiser Licensing & Certification Board and The Texas Real Estate Commission, Appellees**

---

### FROM THE 53RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-002981, THE HONORABLE TIM SULAK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

At issue in this interlocutory appeal is whether sovereign immunity bars Eleazar Fuentes's claim for declaratory relief under the Uniform Declaratory Judgments Act (UDJA) against the Texas Appraiser Licensing & Certification Board. Fuentes sued the Board for judicial review of its decision to revoke his certified residential-appraiser license. He also requested declaratory and injunctive relief related to the Board's alleged unconstitutional application and enforcement of the Texas Appraiser Licensing and Certification Act. *See* Tex. Occ. Code §§ 1103.001–.5545 ("Appraiser Licensing Act"). The district court granted the Board's plea to the jurisdiction and dismissed Fuentes's constitutional claims. We affirm.

### Background

The Board, an independent subdivision of the Texas Real Estate Commission, issued a real-property appraisal license to Fuentes in 2011. The Appraiser Licensing Act requires

that all licensed appraisers comply with the Uniform Standards of Professional Appraiser Practice (USPAP) to maintain their license. *See id.* § 1103.405(a) (requiring license holders to "comply with . . . the most current edition of the [USPAP]"); 22 Tex. Admin. Code § 155.1 (2018) (Texas Appraiser Licensing & Certification Board, Standards of Practice); *see also* 22 Tex. Admin. Code § 153.20(a)(6) (Texas Appraiser Licensing and Certification Board, Guidelines for Revocation, Suspension, Denial of License; Probationary License) (authorizing Board to suspend or revoke license of appraiser who does not comply with USPAP). The USPAP represents the generally recognized ethical and performance standards for the appraisal profession. *See* Preamble, *Uniform Standards of Professional Appraisal* (2014–2015). Among other things, the USPAP specifies how appraisers conduct appraisals, *see id.* at Standard 1; the contents of appraisals, *see id.* at Standard 2; how appraisers maintain their records, *see id.* at Record Keeping Rule; and how appraisers must conduct reviews of other appraisers' work, *see id.* at Standard 3. Finally, the USPAP prohibits fraudulent and misleading conduct. *See id.* at Ethics Rule.

After a contested-case hearing at the State Office of Administrative Hearings, the Board issued a final order in April 2018 revoking Fuentes's appraisal license and assessing an administrative penalty of $10,000. The Board's order was based on its determination (as set forth in the administrative law judge's proposal for decision that was adopted in full by the Board) that Fuentes had violated the Appraiser Licensing Act and related Board regulations by making material misrepresentations and false statements and by producing appraisal reports that failed to conform to the requirements of the USPAP.

After exhausting his administrative remedies, Fuentes filed suit in Travis County District Court for judicial review and reversal of the Board's order under the Administrative

Procedure Act. *See* Tex. Gov't Code § 2001.171. At issue in this appeal, Fuentes also sought declaratory and injunctive relief under the UDJA for alleged unconstitutional acts by the Board. *See* Tex. Civ. Prac. & Rem. Code § 37.004. Specifically, Fuentes claimed that the Board violated his constitutional rights to equal protection and due process by selectively enforcing the USPAP against him while allowing its own investigators to violate those same standards without consequence.[1] *See* Tex. Const. art. I, §§ 3 (equal protection),[2] 19 (due course of law). In support of his claim, Fuentes alleged that the Board investigator who reviewed Fuentes's appraisals failed to examine Fuentes's work files, falsely certified in his investigative report that he had examined Fuentes's work, and failed to conduct an impartial investigation of Fuentes. Fuentes alleged further that other Board investigators had committed similar USPAP violations when conducting Board investigations of other appraisers.

The Board filed a plea to the jurisdiction, seeking to dismiss Fuentes's constitutional claims on the grounds that those claims are barred by sovereign immunity and the redundant-remedies doctrine. The district court granted the Board's plea and dismissed all but Fuentes's claim for judicial review of the Board's order. Fuentes perfected this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing interlocutory appeal from order granting or denying government's plea to the jurisdiction).

---

[1] Fuentes's petition to the district court also raised a constitutional takings claim related to the Board's revocation of his license, but his appeal addresses only the selective-enforcement claim.

[2] Although the Texas Constitution does not use the words "equal protection," the Texas Supreme Court typically refers to the guarantee of equal rights afforded by article I, section 3 by that term. *See, e.g.*, *Barshop v. Medina Cty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 631 (Tex. 1996); *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 499 (Tex. 1995).

**Analysis**

In one issue, Fuentes argues that the district court erred in granting the Board's plea to the jurisdiction as to his constitutional selective-enforcement challenge because the UDJA waives sovereign immunity for declaratory actions that involve the construction or validity of a statute. For the reasons discussed below, we disagree.

It is true that the UDJA generally authorizes claimants "whose rights, status, or other legal relations are affected by a statute" to "have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code § 37.004(a). But this authorization is not a grant of *jurisdiction* to entertain such a claim—the UDJA generally "does not enlarge the trial court's jurisdiction but is 'merely a procedural device for deciding cases already within a court's jurisdiction.'" *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (per curiam) (adding that "we have consistently stated" that principle (quoting *Texas Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011) (quoting *Texas Ass'n of Bus v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993))))). As the Texas Supreme Court has clarified, the UDJA's sole feature that can affect trial-court jurisdiction to entertain a substantive claim is the statute's implied limited waiver of sovereign immunity for claims challenging, of relevance here, the validity of a statute. *See Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 634–35 (Tex. 2010) (citing Tex. Civ. Prac. & Rem. Code § 37.006(b); *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994)). It has squarely repudiated the once widespread notion that the UDJA confers some broader right to sue government to obtain "statutory construction" or a "declaration of rights." *See Sefzik*, 355 S.W.3d at 621–22 (observing that "the UDJA does not waive the state's sovereign immunity when the plaintiff seeks a

4

declaration of his or her rights under a statute or other law"); *Sawyer Tr.*, 354 S.W.3d at 388 (observing that "there is no general right to sue a state agency for a declaration of rights" in light of limited scope of UDJA's immunity waiver).

Fuentes's selective-enforcement claim does not challenge the validity of a statute. Instead, Fuentes challenges the Board's actions in applying and enforcing the USPAP as it is codified in section 1103.405 of the Appraiser Licensing Act—specifically, he asserts that the Board violated his (and other similarly situated appraisers') constitutional rights by selectively enforcing the USPAP against him while ignoring its own investigators' alleged violations, despite the fact that both he and the investigator appraisers are required to adhere to the USPAP. Accordingly, because Fuentes is not challenging the validity of the USPAP or section 1103.405, the UDJA does not waive sovereign immunity for his constitutional selective-enforcement claim against the Board. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 377 (Tex. 2009); *see also First State Bank of DeQueen*, 325 S.W.3d at 634 (noting that sovereign immunity did not apply to claim at issue "because, unlike the plaintiff in *Heinrich*, [the plaintiff here] is not challenging an individual's actions under a statute, but is challenging the validity of the statute itself"). Therefore, the district court did not err in granting the Board's plea to the jurisdiction.

When we uphold a plea to the jurisdiction on sovereign-immunity grounds, we allow the plaintiff the opportunity to replead if the defect can be cured. *See Sefzik*, 355 S.W.3d at 623 (citing *Sawyer Tr.*, 354 S.W.3d at 392; *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007)). Here, Fuentes could in theory replead his constitutional selective-enforcement claim against the Board as an ultra vires claim against the relevant state officials. *See Heinrich*, 284 S.W.3d at 377 ("[W]hile governmental immunity generally bars suits for retrospective monetary relief, it does not preclude prospective injunctive remedies in official capacity suits

5

against governmental actors who violate statutory or constitutional provisions."). But Fuentes has not asked this Court for the opportunity to amend his pleadings, *see State v. Brown*, 262 S.W.3d 365, 370 (Tex. 2008) (rendering rather than remanding because the party did not request such relief), and even if he had, he acknowledged in his pleadings to the trial court that he had that opportunity to amend in response to the Board's plea to the jurisdiction, but did not do so, *see Harris County v. Sikes*, 136 S.W.3d 635, 639 (Tex. 2004) (holding that trial court should have dismissed plaintiff's case with prejudice where plaintiff was "provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity"). More importantly, however, Fuentes's pleadings do not allege facts that would establish the district court's jurisdiction over a selective-enforcement claim against state officers, and he does not suggest on appeal how he could cure that defect. *See Koseoglu*, 233 S.W.3d at 840 (explaining that opportunity to replead is available "only if it is possible to cure the pleading defect," observing that pleader had "made no suggestion as to how to cure the jurisdictional defect," and denying remand to allow opportunity to amend pleadings). To establish a claim of selective or discriminatory enforcement, Fuentes must show that he has been singled out for prosecution while others similarly situated and committing the same acts have not, and that the state actors purposely discriminated in their enforcement of the law on the basis of impermissible classifications such as race, religion, or the desire to prevent the exercise of constitutional rights.[3]  *Combs v. STNP Nuclear Operating Co.*, 239 S.W.3d 264, 276 (Tex.

---

[3] These claims fall within the scope of the constitutional guarantee of equal protection under the law, which is the constitutional protection invoked by Fuentes here. *See* U.S. Const. amend. XIV, § 2; Tex. Const. art. I, § 3; *see generally Yick Wo v. Hopkins*, 118 U.S. 356 (1886); *State v. Malone Serv. Co.*, 829 S.W.2d 763, 766 (Tex.1992). Although such claims originated

App.—Austin 2007, pet. denied) (citing *State v. Malone Serv. Co.*, 829 S.W.2d 763, 766 (Tex. 1992); *Allen–Burch, Inc. v. Texas Alcoholic Beverage Comm'n*, 104 S.W.3d 345, 353 (Tex. App.—Dallas 2003, no pet.)).   In his pleadings and briefs, Fuentes alleges that the Board differentiates between "fee" appraisers like himself—presumably private appraisers who are paid a fee for their services—and investigator appraisers used or employed by the Board, but he does not allege any facts showing that those classifications are impermissible—i.e., based on race or religion or on the desire to prevent the exercise of constitutional rights. *See id.*  Merely asserting a legal conclusion or labeling a defendant's actions as "ultra vires," "illegal," or "unconstitutional" does not suffice to plead an ultra vires claim—what matters is whether the facts alleged constitute actions beyond the governmental actor's statutory authority, properly construed. *Texas Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, no pet.).   Accordingly, Fuentes is not entitled to the opportunity to replead this claim on remand. *See Koseoglu*, 233 S.W.3d at 840.

We overrule Fuentes's sole issue on appeal.

## Conclusion

Having overruled Fuentes's issue, we affirm the district court's order granting the Board's plea to the jurisdiction.

---

in the context of criminal prosecutions, the same governing principles also apply to civil proceedings involving state agencies. *See Railroad Comm'n v. Shell Oil Co.*, 161 S.W.2d 1022, 1025–28 (Tex. 1942); *Colorado River W. Ry. v. Texas & New Orleans R.R. Co.*, 283 S.W.2d 768, 776–77 (Tex. App.—Austin 1955, writ ref'd n.r.e.).

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justice Kelly, and Justice Smith

Affirmed

Filed:   March 20, 2020