**AFFIRMED and Opinion Filed November 19, 2020**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01590-CV**

**HO YOO, Appellant**
**V.**
**JULIE ELIZABETH HORNOK, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02727-2018**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Browning
Opinion by Justice Carlyle

Requesting this Court to apply res judicata against—or hold that a defendant has no standing to file—a second summary judgment motion in a single case between the same parties after a prior non-final order denying summary judgment, appellant Ho Yoo, in a brief filed by a lawyer, closes by asking this Court to rule on motions and to "grant" summary judgment. More on target, he further requests we reverse and remand and for sanctions against the appellee. Each position appellant takes is meritless and we affirm by this memorandum opinion because the issues are settled. *See* TEX. R. APP. P. 47.4.

BACKGROUND

Mr. Yoo sued Ms. Hornok in June 2018, approximately five months before the two-year limitations period expired, based on allegations he sustained injuries in a November 2016 car accident evidence indicates Ms. Hornok caused. *See* TEX. CIV. PRAC. & REM. CODE § 16.003. Mr. Yoo's petition came back unserved because his counsel inadvertently provided the wrong address for Ms. Hornok. Rather than reissuing the citation and serving it at the correct address, counsel for Mr. Yoo did not serve Ms. Hornok. The same lawyer represents Mr. Yoo before this Court.

In February 2019, Mr. Yoo's counsel sent Ms. Hornok a letter inviting her to negotiate with him directly, leave her insurance company out of the loop, show up at a hearing without representation, admit to causing Mr. Yoo approximately a million dollars in damages, and assign any claims she might have against her insurer to Mr. Yoo. In exchange, counsel proposed Mr. Yoo would agree to hold her harmless from liability.

Ms. Hornok forwarded the letter to her insurer, which then hired counsel to represent her. Despite not being served with the petition, Ms. Hornok filed an answer in late March 2019. She moved for summary judgment a few days later, arguing Mr. Yoo failed to diligently pursue service of process after limitations expired in November 2018. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). Mr. Yoo responded by arguing he could not afford to serve her with process, and blamed the

–2–

trial court clerk for waiting until January 2019 to grant his indigency application. The trial court denied Ms. Hornok's motion.

A few months later, Ms. Hornok filed an amended motion for summary judgment. Ms. Hornok attached a transcript from an April 2019 deposition in which a paralegal working for Mr. Yoo's counsel admitted she knew Mr. Yoo could serve the petition for free after the trial court granted his indigency application in January 2019. Ms. Hornok argued that, because Mr. Yoo chose not to attempt service in the following two-and-a-half months before she answered in March 2019, Mr. Yoo failed to diligently pursue service as a matter of law.

Mr. Yoo did not respond to the amended motion with evidence showing he acted diligently throughout the relevant time period. *See Mauricio v. Castro*, 287 S.W.3d 476, 480 (Tex. App.—Dallas 2009, no pet.) (noting that when service is not achieved before limitations expires, the plaintiff must present evidence showing diligence up until the date the defendant is served). Instead, Mr. Yoo argued that, because the trial court resolved the diligent-service issue against Ms. Hornok when it denied her previous motion, her amended motion was barred by principles of res judicata and standing. Mr. Yoo also moved for no-evidence summary judgment, arguing that Ms. Hornok "failed to present to the Court any material or relevant evidence that shows that the defense has a valid case on which it can win."

The trial court granted Ms. Hornok's amended motion, sustained her objections to Mr. Yoo's no-evidence motion, and denied Mr. Yoo's motion. Mr. Yoo

appeals and, as noted, requests sanctions against Ms. Hornok. Ms. Hornok, in turn, requests sanctions against Mr. Yoo. We deny both parties' requests for sanctions.[1]

MR. YOO'S ENUMERATED ISSUES LACK MERIT.

In his first enumerated issue, Mr. Yoo contends that, because the trial court denied Ms. Hornok's initial motion for summary judgment, her amended motion

---

[1] That said, we **ORDER** the Clerk of the Court to forward this opinion and the record on appeal to the Office of the General Counsel of the State Bar of Texas so that it may investigate several troubling aspects of Mr. Charles J. Paternostro's representation of Mr. Yoo in this case. First, Mr. Paternostro's representation fell far below the standards expected of competent counsel, both here and in the trial court. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.01(b). He failed to serve the lawsuit properly and failed to diligently seek to correct his mistake, despite having both ample notice of the mistake and ample time within which to correct it, resulting in a summary judgment against his client. *See id.* He asserted arguments both on appeal and in the trial court that no lawyer could reasonably believe might succeed. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 3.01. He failed to adequately raise and argue the only appellate issue on which his client might potentially find relief—challenging the trial court's conclusion that he failed to act with the appropriate diligence to serve Ms. Hornok. And he failed to file a brief complying with our rules even after receiving warning that his failure to do so might subject his client's appeal to dismissal. Second, Mr. Paternostro repeatedly made abusive and unprofessional attacks on Ms. Hornok's counsel, both in briefing before this Court and in the trial court. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT preamble 4; TEX. STANDARDS FOR APP. CONDUCT, Lawyers' Duties to Lawyers, Standards 1, 5. Finally, we are highly skeptical of the February 3, 2019 letter Mr. Paternostro sent Ms. Hornok, in which he sought her cooperation in litigating Mr. Yoo's case against her without the benefit of her insurer or counsel. In that letter, Mr. Paternostro appears to have misrepresented the facts and law pertinent to her insurer's obligations, as well as the potential effect of her participation in his proposal. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 4.01(a). Further, he implored her to act based on his legal advice, which he suggested the trial court would approve. Although we think the record objectively demonstrates Mr. Paternostro's misconduct, "we also believe the most appropriate forum for assessing an appropriate sanction against such conduct is the State Bar grievance process." *In re Maloney*, 949 S.W.2d 385, 388 (Tex. App.—San Antonio 1997, no writ) (en banc) (per curiam).

We draw no conclusions against Mr. Yoo based on Mr. Paternostro's actions—Mr. Paternostro has punished Mr. Yoo enough—but we are constrained by the appellate rules to rule on the issues presented to us and those "fairly included" within them. *See* TEX. R. APP. P. 38.1(f). Unfortunately for Mr. Yoo, who may have been entitled to some compensation based on the accident, none of the issues presented by his counsel entitle him to relief before this Court.

was barred by res judicata. We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

Res judicata is a generic term for two related concepts involving the preclusive effect of final judgments: claim preclusion, also known as res judicata, and issue preclusion, also known as collateral estoppel. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992). Res judicata prevents relitigation of claims that were or should have been finally adjudicated in a prior action, whereas collateral estoppel prevents relitigation of particular issues finally resolved in a prior action. *Allen-Burch, Inc. v. Tex. Alcoholic Beverage Comm'n*, 104 S.W.3d 345, 350 (Tex. App.—Dallas 2003, no pet.). Both apply to matters "in a prior action." Neither res judicata nor collateral estoppel applies if there was no final judgment entered on the merits in a previous legal action between the parties or their privies. *See id.*; *see generally* Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 4401 *et seq.* ("Chapter 13. Res Judicata").

The trial court's order denying Ms. Hornok's initial motion for summary judgment was not a final judgment. *See, e.g.*, *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996) ("[A] denial of a summary judgment is not a final judgment."). There was no Mother Hubbard language. Moreover, Ms. Hornok filed her amended motion in the same suit as her initial motion. Neither res judicata nor collateral estoppel applies. *See Allen-Burch*, 104 S.W.3d at 350 (Res judicata and collateral estoppel apply only when there is a "final judgment in a case and

subsequent litigation."); *see also Hernandez v. Gallardo*, 594 S.W.3d 341, 344 (Tex. App.—El Paso 2014, pet. denied) ("The doctrine of collateral estoppel does not apply to the trial court's interlocutory denial of Gallardo's motion for summary judgment because it was not a final judgment." [issue raised by pro se appellant]); *Cathcart v. Scott*, No. 01-10-00952-CV, 2012 WL 4857349, at *3 (Tex. App.—Houston [1st Dist.] Oct. 11, 2012, no pet.) (mem. op.) ("Because the denial of a summary judgment is not a final judgment, the concept[] . . . of collateral estoppel . . . [does] not apply here to prohibit the trial court from granting a second motion for summary judgment on a ground rejected earlier." [issue raised by pro se appellant]).

In his second enumerated issue, Mr. Yoo contends Ms. Hornok lacked standing to file her amended motion for summary judgment. That is not what the concept of "standing" refers to in our legal system. Standing "is a constitutional prerequisite to suit" that a plaintiff must demonstrate. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). A lack-of-standing claim has no place in the discussion whether a defendant named by the plaintiff in the suit may file a motion for summary judgment, successive or otherwise. *See Jacaman v. Nationstar Mortg., LLC*, No. 04-17-00048-CV, 2018 WL 842975, at *6 (Tex. App.—San Antonio Feb. 14, 2018, no pet.) (mem. op.) (A "plaintiff cannot file claims against a defendant and then complain on appeal that the defendant lacked standing to file a motion for summary judgment."). There is no indication from the record that Ms.

Hornok filed or attempted to file counter-claims, such that the concept of standing was even arguably raised.

There is no merit to Mr. Yoo's contention that a defendant may not file multiple motions for summary judgment urging grounds previously rejected by the trial court. *See Cathcart*, 2012 WL 4857349, at *3; *McCartney v. May*, 50 S.W.3d 599, 604 (Tex. App. Amarillo 2001, no pet.); *Tate v. E.I. Du Pont de Nemours & Co., Inc.*, 954 S.W.2d 872, 874 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Texas Rule of Civil Procedure 166a includes no limit to the number of times a motion for summary judgment may be filed. We overrule both of Mr. Yoo's enumerated issues.

MR. YOO DID NOT RAISE A DILIGENT-SERVICE ISSUE IN THE OPENING BRIEF AND ONLY MAKES ARGUMENTS REGARDING THE ISSUE IN HIS REPLY BRIEF IN RESPONSE TO MS. HORNOK'S ARGUMENTS.

As noted, Mr. Yoo's opening brief raises two meritless issues: res judicata and standing. In response, Ms. Hornok argues that Mr. Yoo waived any challenge to the trial court's conclusion that he did not diligently pursue service because he failed to raise that as an issue in his opening brief. In his reply brief, Mr. Yoo asserts the diligent-service issue.

We do not address issues raised for the first time in a reply brief, even if made in response to an appellee's arguments. *See Douglas v. City of Kemp*, No. 05-14-00475-CV, 2015 WL 3561621, at *4 (Tex. App.—Dallas June 9, 2015, no pet.) (mem. op.) ("Pointing out the *absence* of an appellant's argument does not raise the argument or entitle appellant to assert that argument for the first time in his reply

brief."). Mr. Yoo contends his opening brief adequately raised the diligent-service issue by making "various references to the due diligence and service of Appellee matters." The references to diligent service in the opening brief are to the case's procedural history and, as relevant, culminate in Mr. Yoo's unfortunate assertion that "[t]his argument is no longer an issue in this case." We conclude counsel for Mr. Yoo did not raise the issue in his opening brief.[2,3]

We affirm.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

191590F.P05

---

[2] Mr. Yoo failed to even attempt to raise an issue regarding diligent service and thus also did not adequately brief the issue. *See* TEX. R. APP. P. 38.1(i). After filing his initial brief in this appeal, the Clerk of the Court sent Mr. Yoo a letter informing him that his brief did not comply with the Texas Rules of Appellate Procedure. Among other deficiencies, the Clerk noted Mr. Yoo failed to provide appropriate record citations. *See id.* The Clerk warned Mr. Yoo his appeal could be dismissed if he did not file a rule-compliant brief within ten days. Rather than filing an amended, compliant brief with citations to the ample trial record the parties created below, Mr. Yoo incompletely responded that there is no relevant reporter's record in this case.

[3] In any event, we would see no reason to disturb the trial court's summary judgment based on a lack of diligent service because the record demonstrates it as a matter of law. *See Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007).



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

HO YOO, Appellant

No. 05-19-01590-CV      V.

JULIE ELIZABETH HORNOK,
Appellee

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-02727-
2018.
Opinion delivered by Justice Carlyle.
Justices Molberg and Browning
participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.


Judgment entered this 19th day of November, 2020.