**J.O. LOCKRIDGE GENERAL CONTRACTORS, INC.,**
**Appellant,**

v.

**William MORGAN, et al., Appellees.**

**No. 05–91–01813–CV.**

Court of Appeals of Texas,
Dallas.

Jan. 25, 1993.

lees' agent when he contracted with appellant to perform repairs on an apartment complex in Dallas. In this appeal, appellant contends the trial court erred in granting appellees a judgment notwithstanding the verdict. We affirm the trial court's judgment.

## PROCEDURAL HISTORY

The parties first tried the case in October 1987. At the close of the evidence, the trial court granted appellees' motion for directed verdict on appellant's agency claims. On the first appeal, this Court held as a matter of law that appellant had no claim against appellees under an apparent authority theory. *J.O. Lockridge Gen. Contractors, Inc. v. William Morgan*, No. 05–88–00545–CV, slip op. at 7 (Tex.App.—Dallas, Aug. 1, 1989, no writ) (not reported). We also held that the evidence raised fact questions of actual and implied authority. We remanded the case for a new trial.

At the second trial, a jury found that Morgan did not have either actual or implied authority to act for appellees. However, the jury found that Morgan had apparent authority. The trial court granted appellees a judgment notwithstanding the verdict.

Robert W. Buchholz, Dallas, for appellant.

Marshall M. Searcy, Arthur V. Lambert, Locke, Purnell, Rain, Harrell, Dallas, for appellees.

Before BAKER, KINKEADE, and BURNETT, JJ.

## OPINION

BAKER, Justice. °

This is the second appeal of this case. J.O. Lockridge General Contractors, Inc. sued William Morgan[1] and the appellees in this appeal. Appellant claimed that Morgan acted both for himself and as appel-

## APPELLANT'S CONTENTIONS

Appellant contends that the trial court erred in granting appellees' motion for judgment n.o.v. Appellant argues the evidence supports the jury's finding of liability on apparent authority. Appellant also contends it can maintain the suit in its name although appellant assigned the cause of action to an individual.

## APPELLEES' CONTENTIONS

Appellees contend that the law of the case doctrine prevents reconsideration of the issue of apparent authority. Appellees argue there is no evidence to support the jury's verdict on apparent authority. Ap-

---

1. William Morgan was discharged in bankruptcy before the first trial. He is not a party to this appeal.

pellees assert that the trial court properly granted them judgment n.o.v.

## LAW OF THE CASE DOCTRINE

The law of the case doctrine is that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its later stages. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). The doctrine's intent is to achieve uniformity of decision as well as judicial economy and efficiency. *Hudson,* 711 S.W.2d at 630. Public policy is the basis for the doctrine. The policy aims at putting an end to litigation. *Hudson,* 711 S.W.2d at 630; *Barrows v. Ezer,* 624 S.W.2d 613, 617 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

The law of the case applies only to questions of law and does not apply to questions of fact. *Hudson,* 711 S.W.2d at 630. The doctrine applies if the facts in the second trial are substantially the same as in the first trial or so nearly the same that they do not materially affect the legal issues involved in the second trial. *Berryman v. El Paso Natural Gas Co.,* 838 S.W.2d 610, 614 (Tex.App.—Corpus Christi 1992, n.w.h.). A reviewing court does not again pass upon any matter either presented to or directly passed upon or which was in effect disposed of on a former appeal to that court. *Beckham v. City Wide Air Conditioning Co., Inc.,* 695 S.W.2d 660, 662 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Barrows,* 624 S.W.2d at 617.

## APPLICATION OF LAW TO THE FACTS

Appellant acknowledges that the court submitted the case to the jury on the same theories in the second trial as it did in the first trial. Appellant did not amend its pleadings between the first and second trials. The facts presented at the second trial are substantially the same as the facts presented in the first trial.

At oral argument, appellant asserted that reversal of the judgment in the first case was on all issues. Appellant argued that the trial court's definition of apparent authority in the second trial was different from our definition of apparent authority in the first appeal. Appellant contends the definition in the second trial permits the jury to find apparent authority to act for appellees. We disagree.

In the second trial, the trial court instructed the jury that:

"Apparent authority" exists if a party (1) knowingly permits another to hold himself out as having authority or (2) through lack of ordinary care, bestows on another such indications of authority that lead a reasonably prudent person to rely on the existence of authority to his deterrent. Only the acts of the parties sought to be charged with responsibility of the conduct of another may be considered in determining whether apparent authority exists.

Our opinion in the first appeal said:

The test in determining the question of apparent authority is whether there is such conduct on the part of the principal as would lead a reasonably prudent person using diligence and discretion to believe that the agent had authority to act for the principal.

Appellant's argument focuses only on the first part of the trial court's definition of apparent authority. Read in its entirety and compared with our first opinion, there is no difference. This definition does not permit the jury to find apparent authority based only upon the acts and conduct of the purported agent.

Appellees did not object that the law of the case doctrine prohibited submission of the theory of apparent authority. Nor did appellees assert the doctrine as a reason for the court's granting a judgment n.o.v. At oral argument we questioned appellees' counsel on whether the failure to object waives application of the law of the case doctrine.

We permitted the parties to submit supplemental briefs on this issue. The parties found no Texas cases holding that failure to object in the trial court waives the law of the case doctrine. Nor have we found any cases holding that a party may waive the law of the case doctrine.

We conclude that a party cannot waive the doctrine. We do so because the doctrine protects our opinion and judgment. It is our Court that determines whether the law of the case doctrine applies on the second appeal of a case. This is so because we do not again pass on any matter that was either directly or indirectly disposed of on a former appeal. *Beckham*, 695 S.W.2d at 660; *Allied Finance Co. v. Shaw*, 373 S.W.2d 100, 106 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.).

We conclude, in this second appeal, that the law of the case doctrine governs the issue of apparent authority. We hold that our determination in the first appeal that appellant may not recover from the appellees on the theory of apparent authority applies as a matter of law. The trial court did not err in entering judgment for the appellees in the second trial of the case. Because of this determination, we do not reach the merits of appellant's two points of error. We summarily overrule those points of error.

We affirm the trial court's judgment.