**Agnes LEAKE, Individually and as Legal Heir of Her Deceased Son, Paul Leake, Appellant,**

v.

**HALF PRICE BOOKS, RECORDS, MAGAZINES, INC., Appellee.**

No. 05–95–00005–CV.

Court of Appeals of Texas, Dallas.

Feb. 7, 1996.

David G. Hart, Law Offices of David G. Hart, Bedford, for Appellant.

Brian Inbody, Assistant City Attorney, Kevin J. Keith, Fowler Wiles Norton & Keith, L.L.P., Dallas, for Appellee.

Before KINKEADE, MALONEY and DEVANY, JJ.

## OPINION

MALONEY, Justice.

This is a summary judgment case. Half Price Books, Records, Magazines, Inc. moved for summary judgment on the law of the case. Agnes Leake, individually and as legal heir of Paul Leake (the deceased), appeals the trial court's granting of Half Price Books's motion. We affirm the trial court's summary judgment.[1]

## BACKGROUND

Harmon, an off-duty Dallas police officer, was working as a security guard for Half Price Books. He shot the deceased in the parking lot. The deceased died from his gunshot wounds.

Leake sued Half Price Books for wrongful death. She alleged that Harmon was acting in the course of his employment with Half Price Books at the time he shot the deceased.[2] Half Price Books joined the City of Dallas and Harmon as third party defendants, seeking indemnity if Half Price Books was found liable for the deceased's death. Harmon asserted a qualified immunity defense against Half Price Books's indemnity claims.

### 1. The 1993 Summary Judgment Motion

In 1993, the City and Harmon jointly moved for summary judgment against Half Price Books on Harmon's qualified immunity defense. Leake did not oppose the City and Harmon's motion for summary judgment. Nor did Leake intervene or offer any evidence in the City and Harmon's motion for summary judgment. The trial court denied the City and Harmon's motion. The City and Harmon appealed the trial court's denial of their motion for summary judgment.[3] Leake did not participate in the appeal.

This Court affirmed the trial court's denial of summary judgment, holding that Harmon's summary judgment evidence did not establish the good faith required of a reasonably prudent police officer. In so doing, we stated:

> When Harmon saw a crime being committed, he ceased being an employee or independent contractor of Half Price Books and became an on-duty police officer. As a matter of law, Harmon was an on-duty police officer at all relevant times.

*City of Dallas v. Half Price Books, Records, Magazines, Inc.*, 883 S.W.2d 374, 377 (Tex. App.—Dallas 1994, no writ) (*Half Price I* ).

---

1. In a single cross-point of error, Half Price Books appeals the trial court's grant of the City of Dallas and Christopher Harmon's summary judgment motion. However, Half Price Books conditioned its cross-point on our reversing the trial court's grant of Half Price Books's summary judgment motion. Because we affirm the trial court's grant of Half Price Books's summary judgment motion, we do not reach its cross-point. Tex.R.App.P. 90(a).

2. Leake also sued the City and Harmon, individually and in his official capacity as a Dallas police officer. She alleged that Harmon was acting as an on-duty police officer when he shot the deceased and in the course of his employment as a Half Price Books employee. Leake settled with the City and Harmon. She then amended her pleadings and abandoned her claims against Harmon and the City. Instead, she alleged only that Harmon was acting as a Half Price Books employee.

3. The trial court also denied Half Price Books's motion for summary judgment against Leake.

We remanded the case to the trial court for further proceedings.

## 2. 1994 Summary Judgments

After remand, the City and Harmon again moved for summary judgment against Half Price Books, asserting they could not be liable to Half Price Books because Harmon was acting as an on-duty Dallas police officer, as a matter of law, when he shot the deceased. The City and Harmon attached as summary judgment evidence only this Court's opinion in *Half Price I.* The trial court granted the City and Harmon's second motion for summary judgment.

Half Price Books then moved for summary judgment against Leake, asserting that, because Harmon was acting as an on-duty police officer, Half Price Books could not be the proximate cause of the deceased's injuries. Half Price Books adopted the City and Harmon's summary judgment evidence as its summary judgment evidence. The trial court granted Half Price Books's second motion for summary judgment.

## SUMMARY JUDGMENT

In a single point of error, Leake argues the trial court erred in granting Half Price Books's motion for summary judgment. Specifically, she contends that Half Price Books: (1) employed Harmon; (2) "should have known about Harmon's propensity to engage in dangerous negligence"; and (3) was negligent in hiring Harmon. Additionally, Leake contends that *Half Price I* does not control in this case because: (1) Leake was not a party to the appeal; (2) this Court had no jurisdiction to decide whether Harmon was working within the course and scope of his employment with the City; (3) this Court's finding that Harmon was working within the course and scope of his employment with the City was mere obiter dictum; and (4) the legal authority this Court relied on does not support this Court's ultimate conclusion. Leake also maintains that fact issues exist on whether: (1) Harmon was a joint employee of the City and Half Price Books; and (2) Harmon saw a crime being committed.

## 1. Standard of Review

The standard of review for summary judgment is well established. *See* TEX. R.CIV.P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex. 1993); *Black v. Victoria Lloyds Ins. Co.,* 797 S.W.2d 20, 23 (Tex.1990); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962); *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952); *Ross v. Texas One Partnership,* 796 S.W.2d 206, 209 (Tex. App.—Dallas 1990), *writ denied per curiam,* 806 S.W.2d 222 (Tex.1991). A motion for summary judgment must "stand or fall on the grounds expressly presented in the motion." *McConnell,* 858 S.W.2d at 341. To establish its right to summary judgment, a defendant must either disprove an essential element of the plaintiff's cause of action as a matter of law, or establish all elements of a defense as a matter of law. *Damron v. Ornish,* 862 S.W.2d 683, 684 (Tex.App.—Dallas 1993, writ denied); *Way v. Boy Scouts of Am.,* 856 S.W.2d 230, 233 (Tex.App.—Dallas 1993, writ denied).

## 2. Applicable Law

### a. Law of the Case

Questions of law decided on appeal to a court of last resort will govern the case throughout its later stages. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986); *J.O. Lockridge Gen. Contractors, Inc. v. Morgan,* 848 S.W.2d 248, 250 (Tex.App.—Dallas 1993, writ denied). "Law of the case" applies only to questions of law—not questions of fact. *Hudson,* 711 S.W.2d at 630. "Law of the case" achieves uniformity of decision as well as judicial economy and efficiency. *Id.; Morgan,* 848 S.W.2d at 250. Public policy favors an end to litigation. *Hudson,* 711 S.W.2d at 630; *Morgan,* 848 S.W.2d at 250.

The doctrine applies if the facts in the second trial are substantially the same as in the first trial, or so nearly the same that they do not materially affect the legal issues involved in the second trial. *Morgan,* 848 S.W.2d at 250. A reviewing court does not

again rule on any matter either directly ruled on or which, in effect, was disposed of on a former appeal to the court. *Beckham v. City Wide Air Conditioning Co.*, 695 S.W.2d 660, 662 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

### b. Interlocutory Appeals

■ An appeals court may not only review a trial court's denial of summary judgment on qualified immunity, but also may review the denial of a governmental entity's motion for summary judgment on its employee's qualified immunity defense. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1996); *City of Houston v. Kilburn*, 849 S.W.2d 810, 811–12 (Tex.1993) (citing TEX. CIV.PRAC. & REM.CODE ANN. § 101.021(1) (Vernon 1986)). A court of appeals's judgment is conclusive on the law and facts of a civil case in which an interlocutory appeal is allowed by law. TEX. GOV'T CODE ANN. § 22.225(b)(3) (Vernon Supp.1996).

### c. Respondeat Superior– Negligent Retention

■ An employer may be vicariously liable for the tortious acts of its employee under the doctrine of respondeat superior. *Knutson v. Morton Foods, Inc.*, 603 S.W.2d 805, 807 (Tex.1980); *Lewis v. Exxon Co., U.S.A.*, 786 S.W.2d 724, 732 (Tex.App.—El Paso 1989, writ denied). Respondeat superior imposes liability on the employer when the negligence of its employee, acting in the scope of his employment, is the proximate cause of another's injury. *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex.1995); *Marange v. Marshall*, 402 S.W.2d 236, 239 (Tex.Civ.App.1996).

■ Negligent retention addresses a different wrong from the wrong addressed by the doctrine of respondeat superior. Negligent retention focuses on the master's own negligence, not on the negligence of the employee. Thus, a master is liable for negligent retention if he retains "in his employ an incompetent servant whom the master knows ... was incompetent or unfit ... thereby creating an unreasonable risk of harm to others." *Estate of Arrington v. Fields*, 578

S.W.2d 173, 178 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). To recover for negligent retention, the plaintiff's injury must be the result of the master's continued employment of an unfit employee. *Dieter v. Baker Serv. Tools*, 739 S.W.2d 405, 408 (Tex.App.—Corpus Christi 1987, writ denied).

### 3. Application of Law to Facts

Half Price Books moved for summary judgment against Leake on the ground that it was not: (1) vicariously liable for Harmon's conduct under the doctrine of respondeat superior; or (2) liable for negligently retaining Harmon as an employee. Harmon's acting as an on-duty police officer when he shot the deceased was the basis for Half Price Books's argument. Half Price Books relied on our holding to that effect in *Half Price I*, and argued the holding was now the law of the case.

On appeal, Leake argues that Harmon was a dual employee of the City and Half Price Books. In her response to Half Price Books's summary judgment motion, Leake contended that a fact issue existed on whether Harmon was Half Price Books's employee or a borrowed servant. Leake attached, as summary judgment evidence, portions of Harmon's and Eric McClendon's depositions.[4] The only reference to Harmon's employment status appears in Harmon's deposition. He confirmed that he did not have the legal expertise to know whether he was "an independent contractor, employee, or borrowed servant or whatever of Half Price Books."

### a. Law of the Case

■ On appeal, Leake argues that the law of the case doctrine does not apply to her because she did not appear to contest the 1993 summary judgment. Additionally, she relies on McClendon's deposition to raise a fact issue on whether Harmon actually observed a crime being committed. Leake also challenges the Court's cited authority in *Half Price I*.

Because Texas statutes allowed the interlocutory appeal of the 1993 summary judg-

4. McClendon and the deceased were together in the parking lot when Harmon shot the deceased.

ment denial, the decision in *Half Price I* is conclusive on issues of law that were before this Court.[5] The law of the case doctrine applies when appeals which involve legal issues and essentially the same facts and parties are taken to a court of last resort. All of the doctrine's elements are established here.

Leake sued the City, Harmon, and Half Price Books in one cause of action. After settling with the City, Leake dismissed her cause of action against the City and Harmon and amended her pleadings to allege that Half Price Books: (1) employed Harmon; (2) negligently retained Harmon in its employ; and (3) was vicariously liable for Harmon's acts. Half Price Books brought the City and Harmon back into the lawsuit for indemnification.

The controlling issues among the four parties were Harmon's liability and his employer's identity. Both the 1993 and 1994 summary judgment motions centered on these issues. The legal and factual issues and the parties were substantially the same in the 1993 summary judgment and the instant summary judgment. This Court decided *Half Price I* under the summary judgment evidence and the arguments before the Court in that appeal. That evidence and argument conclusively established the legal issue crucial both to Leake's respondeat superior and negligent retention claim as well as Half Price Books's indemnity claim. This Court concluded, *as a matter of law,* that Harmon ceased being an employee or independent contractor of Half Price Books and became an on-duty police officer when he saw a crime being committed. *Half Price I,* 883 S.W.2d at 377.

That Leake did not challenge whether Harmon actually observed a crime being committed or Harmon's employment status in *Half Price I* does not affect that decision. Leake would have this Court revisit our previous ruling more than a year later to find that a fact issue existed on whether Harmon actually saw a crime being committed. This

we cannot do. Likewise we will not revisit the relied-on authority of *Half Price I.*

### b. Respondeat Superior– Negligent Retention

■ Because this Court found, and Half Price Books proved, *as a matter of law,* that Harmon was an on-duty Dallas police officer and not a Half Price Books employee when he shot the deceased, Half Price Books actually disproved an essential element of Leake's respondeat superior claim. Because Harmon was acting as an employee of the Dallas Police Department, Half Price Books could not be vicariously liable for his acts.

■ Negligent retention is a different matter. This doctrine required Leake to show that: (1) Half Price Books was negligent in retaining Harmon in its employ; *and* (2) the negligent retention was the proximate cause of the deceased's injury. Because Harmon became an on-duty police officer at the time of the shooting (and was no longer a Half Price Books employee), Half Price Books's retention of Harmon *as an employee* could not have been the proximate cause of the deceased's death. Because Half Price Books's retention of Harmon was not, as a matter of law, the proximate cause of the deceased's injury, we conclude the trial court properly granted summary judgment in favor of Half Price Books on Leake's negligent retention claim. We overrule Leake's sole point of error.

We affirm the trial court's summary judgment.

**5.** We reject Leake's contention that this Court had no jurisdiction to decide whether Harmon was working within the course and scope of his employment with the City. In undertaking the *qualified* immunity analysis in *Half Price I,* we necessarily were required to determine whether Harmon was acting within the course and scope of his official duties. Because this issue was an integral part of the immunity analysis, we had jurisdiction to address the issue and our decision was not obiter dictum.