NO. 07-00-0556-CR


NO. 07-00-0557-CR


NO. 07-00-0558-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 22, 2000



______________________________




VINCENTE DWIGHT MCCRAY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;



NOS. B3255-99-07CR, B3256-99-07CR AND B3257-99-07CR;


 HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 Appellant Vincente Dwight McCray, acting pro se, has filed a purported appeal of
his conviction of March 15, 2000, for the offense of delivery of cocaine and the resulting
punishment of three years confinement in the Institutional Division of the Department of
Criminal Justice. We have received non-certified copies of appellant's judgment and
sentence in the case in which he was convicted and non-certified copies of dismissals in
two other cases which may have been the result of a plea bargain agreement. 

 We have not received a clerk's or reporter's record in these matters, nor has any
brief been filed. We note that on the same day and time that appellant filed his notice of
appeal, he also filed a letter indicating that he wished to cancel "the request for an appeal." 
Because we have no record, we are unable to determine the current status of the
purported appeal. However, since it appears that a notice of appeal was filed, this state
of affairs requires us to abate the appeals to the trial court for a hearing as provided by
Texas Rule of Appellate Procedure 38.8 (b). Accordingly, the appeals are abated and the
causes remanded to the 64th District Court of Swisher County.

 Upon remand, the judge of the trial court shall immediately cause notice to be given
of, and conduct, a hearing to determine:

 1. Whether appellant has abandoned his appeals.

 2. Whether appellant is presently indigent, and if so, whether counsel
should be appointed to represent him. If it be determined that an attorney
should be appointed, the name, address, and State Bar of Texas
identification number of the attorney appointed.


 3. If appellant is not indigent, what steps need to be taken to ensure that
appellant will promptly obtain the services of an attorney to pursue the
appeal.

 

 4. Whether appellant has been deprived of diligent appeals by ineffective
assistance of counsel or for any other reason.


 5. If appellant is indigent, what steps need to be taken to ensure that a reporter's
record and clerk's record are available to appellant.

 

 6. If any other orders are necessary to ensure the proper and timely pursuit of
appellant's appeals. 


 In support of its determinations, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. The supplemental clerk's record and reporter's record shall be
submitted to the clerk of this court no later than January 25, 2000.

 It is so ordered. 

 Per Curiam

Do not publish.



ion of judicial resources and the
efficient resolution of disputes are recognized policy goals, see Sysco Food Service, Inc.
v. Trapnell, 890 S.W.2d 796, 803-804 (Tex. 1994); see also J.O. Lockridge General
Contractors, Inc. v. Morgan, 848 S.W.2d 248, 250 (Tex. App.-Dallas 1993, writ denied),
we cannot say that the trial court's decision lacked reason.

 Also, while the equitable relief of rescission can be asserted defensively, we know
of nothing that prevents one from asserting it affirmatively through an original petition. See
Lowrey v. University of Texas Medical Branch at Galveston, 837 S.W.2d 171, 174 (Tex.
App.-El Paso 1992, writ denied). Indeed, there exist a plethora of cases wherein
rescission was sought by a plaintiff due to deception or like misconduct, for instance. See
e.g., Robbins v. Capozzi, 100 S.W.3d 18 (Tex. App.-Tyler 2002, no pet.); Lachalet Intern.,
Inc. v. Nowik, 787 S.W.2d 101 (Tex. App.-Dallas, 1990, no writ); Citizens Standard Life
Insurance Co. v. Muncy, 518 S.W.2d 391 (Tex. Civ. App.-Amarillo 1974, no writ). Thus,
it can be the proper subject of an independent suit. Additionally, while there may be some
relationship between the facts underlying an attempt to rescind a contract due to acts
preceding its formation and claims dependent upon the existence of the contract and the
commission of acts arising after its formation, the controlling facts and issues arguably
differ, as here. Simply put, whether Mega is entitled to rescission as alleged depends upon
what the insured did and said to induce Mega to issue the contract. Whether Myers is
entitled to recovery depends upon the existence of a valid contract and what Mega did (or
did not do) thereafter. Thus, it cannot be said that the claims are so interwoven as to
involve the same operative facts, issues, or causes of action. Nor can it be denied that the
allegations affording Mega relief and those affording Myers relief involve different causes
of action in the same suit. Due to these circumstances, it appears that the trial court would
have had the discretion to sever and try the claim of rescission separately from those
dependent upon the existence of a contract. See Guarantee Fed. Sav. Bank v. The
Horseshoe Oper. Co., 793 S.W.2d 652, 658 (Tex. 1990) (stating that the severance of
claims for trial is permissible if the suit involves multiple causes of action, the claims can
be independently asserted, and the claims are not so interwoven as to involve the same
facts and issues). Because the trial court could have so severed and tried the claims, we
find nothing arbitrary or unreasonable in it following a procedure having a like effect. 

 In sum, the procedure of the trial court may be unique, but we cannot say that it
exceeds the vast discretion given such bodies in conducting trials. Ever increasing docket
loads should stimulate the adoption of creative procedures for speedily addressing
disputes. And, we hesitate to interfere with the exercise of those creative efforts so long
as they comport with lawful discretion. Because that adopted here does, we deny the
petition for writ of mandamus.


 Brian Quinn

 Chief Justice