NO. 07-06-0050-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 9, 2006


______________________________



In re: LUCINDA J. MYERS, individually, and as personal 

representative of the estate of BARRY A. LONG,

 Relator

_________________________________



 Original Proceeding


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Pending before the court is the request of Lucinda J. Myers, individually and as the
personal representative of the estate of Barry A. Long, for a writ of mandamus. Through
the writ, Myers asks that we vacate a letter ruling issued by the Hon. Abe Lopez, 108th
District Court (trial court), on February 3, 2006. Through that ruling, the trial court directed
how the case was to proceed. Myers originally sued Mega Life and Health Insurance
Company (Mega) for claims arising from Mega's alleged refusal to honor a life insurance
policy covering her husband. The latter died of cancer shortly after the policy was allegedly
issued. Among other things, Mega asserted (via counterclaim and affirmative defense) that
the policy was subject to rescission due to the pre-existing nature of the insured's illness
and his failure to disclose same when applying for the insurance. Trial of the cause was
set for February 13, 2006. And, by the letter ruling at issue, the trial court ordered that
Mega's claim of rescission initially be tried to the jury. If the jury were to find against Mega
on the issue, the trial court ordered that the claims of Myers then be tried. Myers contends
the ruling realigned the parties and impermissibly shifted the burden of proof in the case. 
For the following reasons, we deny the petition. 

 First, the record before us does not illustrate that Myers raised the issue of
realignment below. Nor does it reveal that she invoked either Texas Rules of Civil
Procedure 266 or 269 as basis establishing the impropriety of first trying the matter of
rescission. Thus, those grounds cannot be raised for the first time via a petition for
mandamus. See Braden v. Downey, 811 S.W.2d 922, 927 (Tex. 1991); In re Zenergy, Inc.,
968 S.W.2d 1, 11 (Tex. App. -Corpus Christi 1997, orig. proceeding).

 Second, Mega concedes, in its response to the petition for writ, that it has the
burden to prove the elements of rescission. Moreover, nothing in the ruling of the trial court
purports to relieve the carrier of same. 

 Third, a trial court has great discretion over the conduct of a trial. Dow Chemical Co.
v. Francis, 46 S.W.3d 237, 240-41 (Tex. 2001). And, the burden lay with Myers to prove
that it clearly abused that discretion before mandamus can issue. In re Thornton-Johnson,
65 S.W.3d 137, 138 (Tex. App.-Amarillo 2001, orig. proceeding). This burden is met by
showing that the trial court acted unreasonably, arbitrarily, or without reference to guiding
principles. In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex.1998) (so describing
when a court abuses its discretion). To that end, we observe that disposing of the
rescission counterclaim could dispense with the need to try Myers' claims. Arguably their
success is dependent upon the existence of an enforceable insurance contract. Without
such a contract, there could be neither a breach of contract nor an insurer/insured
relationship giving rise to the duties Mega allegedly breached. See In re Certain
Underwriters, 18 S.W.3d 867, 873-74 (Tex. App. -Beaumont 2000, orig. proceeding)
(noting that rescission of the contract would moot those claims founded upon the contract);
Koral Indus., Inc. v. Security-Connecticut Life Ins. Co., 788 S.W.2d 136, 147-48 (Tex.
App.-Dallas 1990, writ denied) (observing that before one can succeed on claims involving
the failure to settle and in unreasonably denying a claim there must first be an enforceable
insurance policy). Given this and because the conservation of judicial resources and the
efficient resolution of disputes are recognized policy goals, see Sysco Food Service, Inc.
v. Trapnell, 890 S.W.2d 796, 803-804 (Tex. 1994); see also J.O. Lockridge General
Contractors, Inc. v. Morgan, 848 S.W.2d 248, 250 (Tex. App.-Dallas 1993, writ denied),
we cannot say that the trial court's decision lacked reason.

 Also, while the equitable relief of rescission can be asserted defensively, we know
of nothing that prevents one from asserting it affirmatively through an original petition. See
Lowrey v. University of Texas Medical Branch at Galveston, 837 S.W.2d 171, 174 (Tex.
App.-El Paso 1992, writ denied). Indeed, there exist a plethora of cases wherein
rescission was sought by a plaintiff due to deception or like misconduct, for instance. See
e.g., Robbins v. Capozzi, 100 S.W.3d 18 (Tex. App.-Tyler 2002, no pet.); Lachalet Intern.,
Inc. v. Nowik, 787 S.W.2d 101 (Tex. App.-Dallas, 1990, no writ); Citizens Standard Life
Insurance Co. v. Muncy, 518 S.W.2d 391 (Tex. Civ. App.-Amarillo 1974, no writ). Thus,
it can be the proper subject of an independent suit. Additionally, while there may be some
relationship between the facts underlying an attempt to rescind a contract due to acts
preceding its formation and claims dependent upon the existence of the contract and the
commission of acts arising after its formation, the controlling facts and issues arguably
differ, as here. Simply put, whether Mega is entitled to rescission as alleged depends upon
what the insured did and said to induce Mega to issue the contract. Whether Myers is
entitled to recovery depends upon the existence of a valid contract and what Mega did (or
did not do) thereafter. Thus, it cannot be said that the claims are so interwoven as to
involve the same operative facts, issues, or causes of action. Nor can it be denied that the
allegations affording Mega relief and those affording Myers relief involve different causes
of action in the same suit. Due to these circumstances, it appears that the trial court would
have had the discretion to sever and try the claim of rescission separately from those
dependent upon the existence of a contract. See Guarantee Fed. Sav. Bank v. The
Horseshoe Oper. Co., 793 S.W.2d 652, 658 (Tex. 1990) (stating that the severance of
claims for trial is permissible if the suit involves multiple causes of action, the claims can
be independently asserted, and the claims are not so interwoven as to involve the same
facts and issues). Because the trial court could have so severed and tried the claims, we
find nothing arbitrary or unreasonable in it following a procedure having a like effect. 

 In sum, the procedure of the trial court may be unique, but we cannot say that it
exceeds the vast discretion given such bodies in conducting trials. Ever increasing docket
loads should stimulate the adoption of creative procedures for speedily addressing
disputes. And, we hesitate to interfere with the exercise of those creative efforts so long
as they comport with lawful discretion. Because that adopted here does, we deny the
petition for writ of mandamus.


 Brian Quinn

 Chief Justice



idden="false"
 UnhideWhenUsed="false" Name="Light Grid Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00036-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



SEPTEMBER
7, 2010

 



 

THOMAS OCHOA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-420,143; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Thomas Ochoa, appeals from
a conviction for two counts of indecency with a child[1]
and, sentence of confinement in the Institutional Division of the Texas
Department of Criminal Justice for 18 years on each conviction, all confinement
to run concurrently.  We affirm.

Appellant=s attorney has
filed an Anders brief and a motion to withdraw.  Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, 18 L.Ed.
2d 498 (1967). 
In support of his motion to withdraw, counsel certifies that he has
diligently reviewed the record, and in his opinion, the record reflects no
reversible error upon which an appeal can be predicated.  Id. at 744-45.  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in
the trial court=s judgment.  Additionally, counsel has certified that he
has provided appellant a copy of the Anders brief and motion to withdraw
and appropriately advised appellant of his right to file a pro se
response in this matter.  Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App.
1991).  The court has also advised
appellant of his right to file a pro se response.  Appellant has not filed a response.

By his Anders brief, counsel raised a ground that
could possibly support an appeal, but concludes the appeal is frivolous.  We have reviewed this ground and made an
independent review of the entire record to determine whether there are any
arguable grounds which might support an appeal. 
See Penson v. Ohio, 488
U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe
v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We have found no such arguable
grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel=s motion to
withdraw is hereby granted and the trial court=s judgment is
affirmed.[2]

                                                                                                Mackey
K. Hancock

Justice

Do not publish.











[1] See Tex.
Penal Code Ann. § 21.11(a)(1) (Vernon 2009).





[2] Counsel shall, within five days
after this opinion is handed down, send his client a copy of the opinion and
judgment, along with notification of appellant=s right to file a pro se petition for discretionary
review.  See Tex. R. App. P. 48.4.