NO. 07-06-0050-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 9, 2006
_____

In re: LUCINDA J. MYERS, individually, and as personal
representative of the estate of BARRY A. LONG,

Relator
_____

***Original Proceeding***
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Pending before the court is the request of Lucinda J. Myers, individually and as the personal representative of the estate of Barry A. Long, for a writ of mandamus. Through the writ, Myers asks that we vacate a letter ruling issued by the Hon. Abe Lopez, 108th District Court (trial court), on February 3, 2006. Through that ruling, the trial court directed how the case was to proceed. Myers originally sued Mega Life and Health Insurance Company (Mega) for claims arising from Mega's alleged refusal to honor a life insurance policy covering her husband. The latter died of cancer shortly after the policy was allegedly issued. Among other things, Mega asserted (via counterclaim and affirmative defense) that the policy was subject to rescission due to the pre-existing nature of the insured's illness and his failure to disclose same when applying for the insurance. Trial of the cause was set for February 13, 2006. And, by the letter ruling at issue, the trial court ordered that Mega's claim of rescission initially be tried to the jury. If the jury were to find against Mega

on the issue, the trial court ordered that the claims of Myers then be tried. Myers contends the ruling realigned the parties and impermissibly shifted the burden of proof in the case. For the following reasons, we deny the petition.

First, the record before us does not illustrate that Myers raised the issue of realignment below. Nor does it reveal that she invoked either Texas Rules of Civil Procedure 266 or 269 as basis establishing the impropriety of first trying the matter of rescission. Thus, those grounds cannot be raised for the first time via a petition for mandamus. *See Braden v. Downey,* 811 S.W.2d 922, 927 (Tex. 1991); *In re Zenergy, Inc.*, 968 S.W.2d 1, 11 (Tex. App. –Corpus Christi 1997, orig. proceeding).

Second, Mega concedes, in its response to the petition for writ, that it has the burden to prove the elements of rescission. Moreover, nothing in the ruling of the trial court purports to relieve the carrier of same.

Third, a trial court has great discretion over the conduct of a trial. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 240-41 (Tex. 2001). And, the burden lay with Myers to prove that it clearly abused that discretion before mandamus can issue. *In re Thornton-Johnson*, 65 S.W.3d 137, 138 (Tex. App.–Amarillo 2001, orig. proceeding). This burden is met by showing that the trial court acted unreasonably, arbitrarily, or without reference to guiding principles. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex.1998) (so describing when a court abuses its discretion). To that end, we observe that disposing of the rescission counterclaim could dispense with the need to try Myers' claims. Arguably their success is dependent upon the existence of an enforceable insurance contract. Without such a contract, there could be neither a breach of contract nor an insurer/insured relationship giving rise to the duties Mega allegedly breached. *See In re Certain*

*Underwriters*, 18 S.W.3d 867, 873-74 (Tex. App. –Beaumont 2000, orig. proceeding) (noting that rescission of the contract would moot those claims founded upon the contract); *Koral Indus., Inc. v. Security-Connecticut Life Ins. Co.*, 788 S.W.2d 136, 147-48 (Tex. App.–Dallas 1990, writ denied) (observing that before one can succeed on claims involving the failure to settle and in unreasonably denying a claim there must first be an enforceable insurance policy). Given this and because the conservation of judicial resources and the efficient resolution of disputes are recognized policy goals, *see Sysco Food Service, Inc. v. Trapnell,* 890 S.W.2d 796, 803-804 (Tex. 1994); *see also J.O. Lockridge General Contractors, Inc. v. Morgan,* 848 S.W.2d 248, 250 (Tex. App.–Dallas 1993, writ denied), we cannot say that the trial court's decision lacked reason.

Also, while the equitable relief of rescission can be asserted defensively, we know of nothing that prevents one from asserting it affirmatively through an original petition. *See Lowrey v. University of Texas Medical Branch at Galveston,* 837 S.W.2d 171, 174 (Tex. App.–El Paso 1992, writ denied). Indeed, there exist a plethora of cases wherein rescission was sought by a plaintiff due to deception or like misconduct, for instance. *See e.g.*, *Robbins v. Capozzi,* 100 S.W.3d 18 (Tex. App.–Tyler 2002, no pet.); *Lachalet Intern., Inc. v. Nowik,* 787 S.W.2d 101 (Tex. App.–Dallas, 1990, no writ); *Citizens Standard Life Insurance Co. v. Muncy*, 518 S.W.2d 391 (Tex. Civ. App.–Amarillo 1974, no writ). Thus, it can be the proper subject of an independent suit. Additionally, while there may be some relationship between the facts underlying an attempt to rescind a contract due to acts preceding its formation and claims dependent upon the existence of the contract and the commission of acts arising after its formation, the controlling facts and issues arguably differ, as here. Simply put, whether Mega is entitled to rescission as alleged depends upon

3

what the insured did and said to induce Mega to issue the contract. Whether Myers is entitled to recovery depends upon the existence of a valid contract and what Mega did (or did not do) thereafter. Thus, it cannot be said that the claims are so interwoven as to involve the same operative facts, issues, or causes of action. Nor can it be denied that the allegations affording Mega relief and those affording Myers relief involve different causes of action in the same suit. Due to these circumstances, it appears that the trial court would have had the discretion to sever and try the claim of rescission separately from those dependent upon the existence of a contract. *See Guarantee Fed. Sav. Bank v. The Horseshoe Oper. Co.*, 793 S.W.2d 652, 658 (Tex. 1990) (stating that the severance of claims for trial is permissible if the suit involves multiple causes of action, the claims can be independently asserted, and the claims are not so interwoven as to involve the same facts and issues). Because the trial court could have so severed and tried the claims, we find nothing arbitrary or unreasonable in it following a procedure having a like effect.

In sum, the procedure of the trial court may be unique, but we cannot say that it exceeds the vast discretion given such bodies in conducting trials. Ever increasing docket loads should stimulate the adoption of creative procedures for speedily addressing disputes. And, we hesitate to interfere with the exercise of those creative efforts so long as they comport with lawful discretion. Because that adopted here does, we deny the petition for writ of mandamus.

Brian Quinn
Chief Justice

4