ACCEPTED
14-15-00611-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/11/2015 2:09:52 PM
CHRISTOPHER PRINE
CLERK

NO. 14-15-00611-CV

# In the Court of Appeals
# for the Fourteenth Judicial District at Houston, Texas

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/11/2015 2:09:52 PM
CHRISTOPHER PRINE
Clerk

PABLO RION Y ASOCIADOS, S.A. DE C.V.
Appellant,

v.

DAVID DAUAJARE AND GABRIELA MARTINEZ DE DAUAJARE
Appellees.

On Appeal from
The 400th Judicial District Court of Fort Bend County, Texas
Cause No. 13-DCV-208485

## REPLY IN SUPPORT OF APPELLEES' MOTION TO DISMISS

Farbod Farnia
State Bar No. 24078493
ffarnia@mccathernlaw.com

**MCCATHERN, PLLC**
3710 Rawlings, Suite 1600
Dallas, TX 75219
Phone: (214) 741-2662
Fax: (214) 741-4717

*Counsel for Appellees*

## REPLY IN SUPPORT OF APPELLEES' MOTION TO DISMISS

COME NOW, Appellees David Dauajare and Gabriela Martinez de Dauajare, and file this, their *Reply in Support of Appellees' Motion to Dismiss* pursuant to Texas Rule of Appellate Procedure 10.1. In support, Appellees respectfully show the Court as follows:

## I. BACKGROUND

Appellant's Response leaves no doubt: Appellant seeks to re-litigate issues already decided on mandamus and challenge the Trial Court for refusing to adorn its order of dismissal with conditions beyond the scope of this Court's mandate. An appeal on those grounds would be frivolous and should be dismissed before the Court and the parties waste further resources on needless re-review of matters already conclusively resolved.

## II. ARGUMENT

This Court "direct[ed] the trial court to vacate its February 3, 2014 order denying relators' motion to dismiss for *forum non conveniens* and to dismiss the case on *forum non conveniens*." [1] The Trial Court did exactly that, and had no discretion to do otherwise. Appellant now seeks to challenge the Trial Court's

---

[1] *See In re Dauajare-Johnson* No. 14-14-00256-CV, 2014 WL 3401094 at *12 (Tex. App. – Houston [14th Dist.] July 10, 2014) (original proceeding).

2

dismissal order on two grounds. First, Appellant argues that this Court's ruling on mandamus is not law of the case and may be revisited on appeal because "the prior mandamus proceeding did not involve questions of law."[2] Second, Appellant argues that the Trial Court erred by declining to impose three "conditions" on its order of dismissal that Appellant requested in a post-dismissal "Motion to Modify, Correct, or Reform or for a New Trial" ("MNT") – a motion that Appellant never set for hearing and which was denied by operation of law.[3]

Appellant is wrong on both counts, and its Response confirms that this matter should be dismissed before briefing on the merits.

## A. This Court's Opinion and Order are Law of the Case

The question on mandamus was whether the Trial Court abused its discretion by refusing to dismiss Appellant's case on grounds of *forum non-conveniens*. This Court concluded that it had, and directed the Trial Court to

---

[2] Response at 4.

[3] Specifically, Appellant requested that the Trial Court's order of dismissal state: (1) that the case may be refiled in a federal district court in Mexico City or a local court of first instance in Mexico City; (2) that the Daujares' agree to submit themselves to personal jurisdiction in Mexico; and (3) that in the event the court in Mexico City declined jurisdiction, the case would be reinstated in Trial Court. Notably, in addition to the arguments made below, conditions (1) and (2) would have been entirely superfluous since this Court already determined that the Mexican courts would have jurisdiction because Appellees had submitted affidavits agreeing to submit to the jurisdiction of the Mexican courts. *See In re Dauajare-Johnson*, 2014 WL 3401094 at *4-5.

dismiss the case on grounds of *forum non-conveniens*. That was a legal answer to a legal question, and as law of the case it "govern[s] the case through its subsequent stages," including any subsequent appeal.[4]

Appellant argues that this Court's prior decision is not law of the case, however, because it "could not have been based purely on questions of law," and indeed "did not involve questions of law" at all.[5] That must come as a surprise to this Court, which referred to its *forum non-conveniens* analysis as a "question of law" or "legal question" no fewer than five times.[6]

More fundamentally, Appellant is not correct that the law of the case doctrine applies only to "pure" questions of law. Although the doctrine does not preclude subsequent review of mixed questions of law and fact *when the facts have changed* since the earlier decision – for example, when a case goes to trial after interlocutory review of a summary judgment decision[7] – an appellate decision indisputably remains law of the case when the facts "did not substantially change"

---

[4] *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986); *see also EP Energy E & P Co. v. Cudd Pressure Control, Inc.*, No. 14-13-00734-CV, 2014 WL 7345938 at *4 (Tex. App. – Houston [14th Dist.] Dec. 23, 2014, pet. denied) ("A reviewing court may not again decide any matter that was in effect disposed of on a former appeal or mandamus to that court.").

[5] Response at 4.

[6] *In re Dauajare-Johnson*, 2014 WL 3401094 at *6, *8, *10, *11.

[7] *See, e.g.*, *Hudson*, 711 S.W.2d at 631.

4

on remand.[8]  Here, there has been no change whatsoever in the factual record since the Court's prior decision because there were no further proceedings in the Trial Court apart from: (1) entry of the order or dismissal; and (2) denial by operation of law of the Appellant's MNT.  The factual record now is identical to the factual record on mandamus.  As such, the Court's prior decision is law of the case and may not be revisited.[9]

## B.  The Trial Court Had No Authority to Place "Conditions" On Its Order of Dismissal

Appellant also argues that the Trial Court erred by refusing to place "conditions" on its order of dismissal.  It did not.  An unambiguous appellate order "permit[s] the trial court to make but one decision,"[10] and the "trial court has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate."[11]

---

[8] *EP Energy E & P Co.*, 2014 WL 7345938 at *6; *see also J.O. Lockridge Gen. Contractors, Inc. v. Morgan*, 848 S.W.2d 248, 250 (Tex. App. – Dallas 1993, writ denied) ("The doctrine applies if the facts in the second trial are substantially the same as in the first trial or so nearly the same that they do not materially affect the legal issues involved in the second trial.").

[9] *See EP Energy E & P Co.*, 2014 WL 7345938 at *6; *Morgan*, 848 S.W.2d at 250.

[10] *Keller Indus. v. Blanton*, 804 S.W.2d 182, 185 (Tex. App. – Houston [14th Dist.] 1991, no writ).

[11] *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013) (affirming reversal of trial court judgment that exceeded mandate of court of appeals).

This Court's order was unambiguous. It directed the Trial Court "to dismiss the case on *forum non conveniens*" – full stop.[12] It did not tell the Trial Court to dismiss the case with the conditions that Appellant later sought in its MNT, and those conditions were in no way necessary "to give full effect" to this Court's mandate.[13] This Court's mandate – to "dismiss the case on *forum non conveniens*" – was given its fullest possible effect when the Trial Court did as instructed. The additional conditions requested by Appellees were "beyond the scope" of this Court's mandate and thus beyond the scope of the Trial Court's discretion on remand.[14]

## C. Appellant's Failure to Set Its MNT for Hearing Precludes Review

Appellant seeks to appeal the Trial Court's denial of its MNT by operation of law, and in particular its denial of Appellant's request for extra conditions on its order of dismissal. But this Court would review the Trial Court's denial of the MNT for abuse of discretion,[15] and "[t]here is no abuse of discretion when the movant fails to call his motion to the attention of the trial court through the request

---

[12] *See In re Dauajare-Johnson*, 2014 WL 3401094 at \*12.

[13] *Phillips*, 407 S.W.3d at 234.

[14] *Id.*

[15] *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984) ("A motion for new trial is addressed to the trial court's discretion and the court's ruling on such will not be disturbed on appeal in the absence of a showing of an abuse of that discretion.").

6

of a hearing, and instead allows it to be overruled by operation of law."[16] Appellant argues that this rule applies only where there has been a default judgment, but that is wrong. This Court has consistently refused to review the denial of a motion for new trial that the appellant never set for a hearing, regardless of whether the case involved a default judgment.[17] Appellant's failure to set its MNT for a hearing deprived the Trial Court of "an opportunity to exercise [its] discretion,"[18] and precludes any finding on appeal that the Trial Court's denial of the MNT was an abuse of that discretion.

---

[16] *Monk v. Westgate Homeowners' Ass'n, Inc.*, No. 14-07-00886-CV, 2009 WL 2998985, at *3 (Tex. App. – Houston [14th Dist.] Aug. 11, 2009, no pet.) (citing *Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank*, 703 S.W.2d 356, 357-58 (Tex.App.—Dallas 1985, no writ)).

[17] *See Monk*, 2009 WL 2998985, at *3 (summary judgment); *McGuire v. Comm'n for Lawyer Discipline*, No. 14-01-00920, 2003 WL 359289, at *1 (Tex. App. – Houston [14th Dist.] Feb. 20, 2003, no pet.) (consent judgment). Other courts of appeals have also applied the principle in cases not involving default judgments. *See Nat. Med. Fin. Servs., Inc. v. Irving Ind. Sch. Dist.*, 150 S.W.3d 901, 904-05 (Tex. App. – Dallas 2004, no pet.) (bench trial); *Carson v. El Capitan Apartments*, No. 05-13-01481-CV, 2015 WL 169879, at *3 (Tex. App. – Dallas Jan 14. 2015, no pet.) (summary judgment); *Newby v. Pope*, No. 07-97-0186-CV, 1998 WL 830855, at *4 (Tex. App. – Amarillo Nov. 30 1998, pet. denied) (not designated for publication) (summary judgment); *Vernon E. Faulconer, Inc. v. HFI, Ltd. P'ship*, 970 S.W.2d 36, 38-39 (Tex. App. – Tyler 1998, no pet.) (judgment on arbitration award); *Couey v. State*, No. 09-96-345 CV, 1997 WL 30917, at *1 (Tex. App. – Beaumont Jan. 23, 1997, no pet.) (not designated for publication) (dismissed for want of jurisdiction).

[18] *Shamrock Roofing Supply*, 703 S.W.2d at 357-58.

## III.    CONCLUSION & PRAYER

WHEREFORE, Appellees respectfully request that this Court dismiss the appeal and award just damages to Appellees, and for all other relief, at law or in equity, to which they show themselves justly entitled.

Respectfully Submitted,

/s/ James E. Sherry
Farbod Farnia
State Bar No. 24078493
ffarnia@mccathernlaw.com
Jennette E. DePonte
State Bar No. 00795935
jdeponte@mccathernlaw.com
James E. Sherry
State Bar No. 24086340
jsherry@mccathernlaw.com

**MCCATHERN, PLLC**
Regency Plaza
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Phone: (214) 741-2662
Fax: (214) 741-4717

## CERTIFICATE OF SERVICE

I certify that a true copy of this *Reply in Support of Appellees' Motion to Dismiss* was served on the following counsel in the manner indicated on September 11, 2015.

<u>VIA E-SERVICE</u>
Daniel W. Jackson
Scott K. Vastine
THE JACKSON LAW FIRM
3900 Essex Ln., Ste. 1116
Houston, Texas 77027

*Counsel for Appellant*

/s/ James E. Sherry
James E. Sherry