**Affirmed and Opinion Filed October 3, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01080-CV

**TRACY NIXON, Appellant**

**V.**

**THE ATTORNEY GENERAL OF THE STATE OF TEXAS, Appellee**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-00-14691**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Whitehill

Tracy Nixon, pro se, in seven issues appeals the trial court's order suspending his criminal contempt commitment for failure to pay child support.[1] We affirm.

### I. BACKGROUND

In 2005, the trial court ordered Nixon to pay child and medical support.

In July 2016, the trial court signed an order enforcing these obligations (the Enforcement Order). That order included child support and medical support arrearage judgments and an order of contempt. Specifically, the Enforcement Order required Nixon to pay $385 per month to liquidate the child support and medical support judgments against him.

---

[1] We address the issues Nixon identifies as such in the "Issues presented for Review" section of his brief. To the extent that Nixon intended to raise other issues, they are forfeited for inadequate briefing. *See* TEX. R. APP. P. 38.1.

Nixon did not appeal from the Enforcement Order. He instead appealed the denial of a motion to recuse and filed several original proceedings in this Court challenging the Enforcement Order, all of which he abandoned or were resolved against him. *See Nixon v. Attorney Gen. of State of Tex.*, No. 05-16-00845-CV, 2016 WL 4575748 (Tex. App.—Dallas Sept. 1, 2016, no pet. (mem. op); *In re Nixon*, No. 05-16-00884-CV, 2016 WL 4119719 (Tex. App.—Dallas Jul. 29, 2016, orig. proceeding) (mem. op.); *Ex parte Nixon*, No. 05-16-00979-CV, 2016 WL 4437135 (Tex. App.—Dallas Aug. 22, 2016, (orig. proceeding) (mem. op.); *Ex parte Nixon*, No 05-16-00991-CV, 2016 WL 5723960 (Tex. App.—Dallas Oct. 3, 2016, orig. proceeding) (mem. op.); *In re Nixon*, No. 05-17-00433-CV, 2017 WL 1908636 (Tex. App.—Dallas May 10, 2017, orig. proceeding) (mem. op).

On August 10, 2016 Nixon was arrested and jailed pursuant to an earlier contempt order entered for not complying with the Enforcement Order. A month later, the court conditionally released him from jail if he timely made the previously ordered payments towards his arrears.

Nixon subsequently filed a petition to modify the Enforcement Order, alleging changed circumstances and requesting that his child support be reduced.

In January 2017, the Attorney General filed a Summary of Requested Relief asking the court to either order Nixon to re-appear for a further review of his compliance with the conditional release order or suspend the remainder of his sentence and place him on community supervision.

Shortly before a hearing scheduled for June 27, 2017 Nixon filed a motion to stay proceedings, a motion to suspend the judgment pending appeal, and a request for a supersedeas bond. The trial court held a hearing on that date and signed an Order Suspending Commitment. The order recited the basic terms of previous orders in the case, including the last contempt order, suspended Nixon's commitment, and placed him on community supervision. The "Child Support

Judgment" and "Medical Support Judgment" sections of the Enforcement Order were repeated verbatim.

During the June 27, 2017, hearing, Nixon initially agreed to only the parts of the order suspending his commitment and the conditions of community supervision. Later, however, he said, "Yes, that's correct," when the judge asked if he "agreed to the entire agreement, the entire order suspending your commitment." Nixon signed the order under the words "Agreed as to form and substance," and the trial court denied Nixon's motion's to suspend the judgment and to stay the proceedings.

A week later, Nixon filed an "Amended Petitioner's Petition to Modify Child Support and Writ Withholding" seeking to change the Enforcement Order due to changed circumstances. The petition asked the court to order less child and medical support because of Nixon's child support obligations in other cases.

After a hearing the following day, the court signed an order denying Nixon's request for a supersedeas bond and his motion to suspend the judgment and his amended motion to modify.

Nixon requested findings of fact and conclusions of law concerning the Enforcement Order and timely appealed "from the Final Judgment's signed on June 27, 2017 By This Court. [sic] Order Suspend Commitment."

## II. ANALYSIS

We repeat Nixon's stated issues verbatim:

**Issue 1**: The trial court made numerous errors regarding the appellants rights to appointment of counsel to represent appellant after granting the withdrawal of counsel. [sic] In the enforcement of child support and medical support on July 12, 2016;

**Issue 2**: The trial court made a [sic] error in its ruling to deny Appellant right to terminate his parental rights;

**Issue 3**: The trial court made a [sic] error for continueing [sic] jurisdiction To proceed after appellant made a proper request To the vital statistics. On December 15, 2015 and on January 8, 2016;

**Issue 4**: The trial court made an error declining to recuse judge Mary Brown on July 12, 2016;

**Issue 5**: The trial court made numerous errors admitting and excluding evidence that probably caused the rendition of an improper judgment and properly presenting appellants case to the court of appeals;

**Issue 6**: [sic] trial court made an error when it denied the appellant right to jury trial on the petition to enforce child support and medical support May 26, 2015; and

**Issue 7**: Res judicata bars relitigation of the same parties in the first suit are the same as those in the second suit or are in privity with them.

A.      **Issue One:  Did the trial court err concerning appointed counsel?**

Nixon's first issue argues that the trial court (i) should have appointed counsel for him at the July 12, 2016, hearing on the motion for enforcement; (ii) should have granted a continuance because his prior appointed attorney had not turned the case file over to him; and (iii) should not have allowed his appointed counsel to withdraw.

This court already decided the issue concerning appointment of counsel at the July 12 hearing.  *See in re Nixon*, 2017 WL 1908636, at *1. Our ruling on this matter is now the law of the case.  *See J.O. Lockridge General Contractors, Inc. v. Morgan*, 848 S.W.2d 248, 250 (Tex. App.—Dallas 1993, writ denied) (questions of law decided on appeal will govern the case throughout its later stages).

Moreover, the record does not reflect that Nixon filed a sworn motion for continuance. Ordinarily, when a continuance motion is not sworn or supported by a proper affidavit, a reviewing court presumes that the trial court did not abuse its discretion in denying the motion.  *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986). The *Villegas* court, however, declined to apply the general rule to a lay movant whose attorney had been allowed to withdraw over his objection

because there was no evidence that the movant was negligent or at fault in causing his attorney's withdrawal. *Id.* at 626.

Those circumstances are not present here. As we noted previously:

> The transcript of the hearing on the public defender's motion to withdraw shows that [Nixon] agreed to the withdrawal of the public defender and told the trial court he was going to obtain counsel through legal aid. The trial judge warned [Nixon] that he would have to proceed pro se at the July 12, 2016 hearing if he did not get counsel through legal aid and that representing himself was a dangerous proposition. The trial judge also stated that no continuance of the July 2016 hearing would be granted. [Nixon] stated that he understood those admonishments.

*In re Nixon*, 2017 WL 1908536 at *1. There is nothing further in our record demonstrating that Nixon was not negligent or at fault. Thus, the record provides no reason to disregard the presumption that the trial court did not abuse its discretion by denying an unsown motion for continuance that Nixon was previously warned would not be granted.

Nixon fails to explain how allowing counsel to withdraw constituted an abuse of discretion or did "not comply with the mandatory requirements of Rule 10." He consented to the withdrawal, and thus there is no basis for concluding that the trial court abused its discretion. We resolve Nixon's first issue against him.

## B.      Issues Two, Four, Five, and Six:  Are the issues adequately briefed?

Nixon's second, fourth, fifth, and sixth issues generally complain about (i) denying his request to terminate his parental rights, (ii) denying a motion to recuse; (iii) admitting and excluding certain unidentified evidence; and (iv) denying a jury trial on the petition to enforce child and medical support. Although we must liberally construe pro se pleadings and briefs, we nevertheless hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181,184–85 (Tex. 1978); *see also Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (requiring pro se litigants to substantially comply

with appellate rules.  To do otherwise would give a pro se litigant an unfair advantage over a represented litigant.  *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.).

Rule 38 requires a party to provide us with a discussion of the facts and authorities relied upon as may be necessary to present the issue.  *Isaac v. Villas del Zocalo 3*, No. 05–16–01338–CV, 2018 WL 360166, at \*1 (Tex. App.—Dallas Jan. 11, 2018, no pet.) (mem. op.).  Bare assertions of error without argument or authority waive error.  *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing).

In addition to clear and concise argument, it is well-settled that an appellate brief must include appropriate citations to authorities and to the record or the issue may be deemed waived.  *See* TEX. R. APP. P 38.1(i); *Keyes Helium Co. v. Regency Gas Servs., L.P.*, 393 S.W.3d 858, 861–62 (Tex. App.—Dallas 2012, no pet.).  More specifically, this court is not required to search the appellate record, with no guidance from the briefing party, to determine if the record supports the party's argument. *Id.* at 861–62.

On March 22, 2018, we warned Nixon that his brief was deficient and told him to file an amended brief correcting the deficiencies.  Nixon, however, responded by moving to proceed on his deficient brief.  We granted his request, but cautioned him that his appeal could be dismissed or certain issues might be waived.[2]

Appellant's second, fourth, fifth, and sixth issues do not provide clear and concise argument, concise discussion of the issues, and appropriate citation to authorities and the record.  Therefore, Nixon forfeited these issues due to inadequate briefing.  *See* TEX. R. APP. P. 42.3(C).

---

[2] *See* our related letter and order attached to this opinion.

C.     **Issue Three:  Did the trial court render judgment in violation of family code §155.104?**

Family code § 155.104 (b) provides that "if a final order is rendered in the absence of filing the information from the vital statistics unit, the order is voidable on a showing that a court other than the court that rendered the order had continuing, exclusive jurisdiction."  TEX. FAM. CODE § 155.104(b).  Nixon's third issue argues a violation of this provision because he made two requests to the Bureau of Vital Statistics and "the trial court failed to delay its ruling until ten days elapsed or rendered its judgment before the information came back from BVS."

Our record, however, does not include any requests for information from the Vital Statistics Unit, and even if it did, Nixon made no showing that a court other than the one rendering judgment had continuing, exclusive jurisdiction over this case.  We thus resolve Nixon's third issue against him.

D.     **Issue Seven: Did res judicata bar rendition of an arrearage judgement?**

Nixon's seventh issue appears to argue that because an enforcement order was entered against him in 2012, another one could not be rendered in 2016.[3]  But he does not show that the 2016 order allowed a duplicative recovery for the same time period of arrearages.  He therefore has not demonstrated that the Enforcement Order violated res judicata principles.  *In re J.A.L.*, No.14-16-00614-CV, 2017 WL 4128947, at *6–7 (Tex. App.—Houston [14th Dist.] Sept. 19, 2017, no pet.) (mem. op.).  We resolve Nixon's seventh issue against him.

### III.  CONCLUSION

Having resolved all of Nixon's issues against him, we affirm the trial court's judgment.

/Bill Whitehill/

BILL WHITEHILL

171080F.P05                                    JUSTICE

---

[3] To the extent he intended to argue otherwise, the argument is waived for inadequate briefing.  *See* TEX. R. APP. P. 38.1.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TRACY NIXON, Appellant

No. 05-17-01080-CV      V.

THE ATTORNEY GENERAL OF THE
STATE OF TEXAS, Appellee

On Appeal from the 301st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-00-14691.
Opinion delivered by Justice Whitehill.
Justices Stoddart and Boatright
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered October 3, 2018